## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 11, 2014                105475

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

ALAN OCASIO-ROSARIO,
                    Appellant.

_____

Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Neal D. Futerfas, White Plains, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered August 3, 2012 in Ulster County, convicting defendant
upon his plea of guilty of the crime of criminal contempt in the
first degree.

        In satisfaction of a four-count indictment and pursuant to
a negotiated plea agreement, defendant pleaded guilty to criminal
contempt in the first degree and waived his right to appeal.
Defendant admitted that on or about January 10, 2011, he violated
an order of protection of which he had actual knowledge, and did
so with the intent to harass, annoy, threaten or alarm the person
for whose protection the order had been issued, namely, his
child's mother, by attempting to shove her.  He was sentenced, as
agreed, to a prison term of 1½ to 3 years as an admitted second

felony offender and now appeals.

Defendant contends that his guilty plea was not knowing, voluntary and intelligent.  However, courts are not required to recite any particular litany of rights or otherwise engage in a formalistic approach to guilty pleas (see People v Harris, 61 NY2d 9, 16 [1983]; People v Nixon, 21 NY2d 338, 355 [1967], cert denied 393 US 1067 [1969]), and a plea will not be invalidated on appeal where it can be established that the defendant "consulted with his [or her] attorney about the constitutional consequences of a guilty plea" (People v Tyrell, 22 NY3d 359, 365 [2013]; see North Carolina v Alford, 400 US 25, 29 n 3 [1970]; People v Harris, 61 NY2d at 16).  Here, in a detailed series of questions, Supreme Court clearly advised defendant of the various rights he was forfeiting in entering a plea, but only referenced defendant's right to a trial without specifying his right to a jury trial.  When questioned in open court during the course of the allocution, however, defendant stated that his attorney had "explained everything" to him.  Thus, the record before us establishes that defendant knowingly, intelligently and voluntarily waived his rights when entering his guilty plea (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; see also Boykin v Alabama, 395 US 238, 242 [1969]; People v Harris, 61 NY2d at 17). The issue now raised was not preserved by a motion to withdraw the plea (see CPL 220.60 [3]; 470.05 [2]), which deprived "the trial court [of] the opportunity to address the perceived error and to take corrective measures, if needed" (People v Lopez, 71 NY2d 662, 665-666 [1988]), and we discern no reason to take corrective action in the interest of justice (see CPL 470.15 [3] [c]; [6] [a]; People v Tyrell, 22 NY3d at 365).  Accordingly, we affirm.

McCarthy, J.P., Garry, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court