■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant. [999 NYS2d 73]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 22, 1999, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him to a term of six months, concurrent with five years probation, unanimously affirmed.

Defendant's argument that his guilty plea was invalid because the court failed to advise him of all of his constitutional rights under *Boykin v Alabama* (395 US 238 [1969]) is unpreserved (*see e.g. People v Jackson*, 114 AD3d 807 [2d Dept 2014], *lv denied* 22 NY3d 1199 [2014]), and we decline to review it in the interest of justice. Unlike the situation in *People v Tyrell* (22 NY3d 359, 364 [2013]), defendant had the opportunity to move

to withdraw his plea or otherwise raise the issue, and the deficiency in the *Boykin* warnings did not rise to the level of a mode of proceedings error. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.