Lynch, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 1, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant entered a guilty plea to burglary in the second degree in satisfaction of an indictment that also charged petit larceny. No plea agreement was reached because the People were unwilling to recommend defendant, age 16 at the time, for youthful offender status (see CPL 720.10). County Court imposed a prison term of five years, with five years of post-release supervision, and denied youthful offender status. Defendant now appeals.
A review of the record supports defendant’s contention that his guilty plea and waiver of appeal were not knowing, voluntary and intelligent. As a threshold matter, the terms under which defendant was entering a guilty plea were not clearly stated prior to the plea allocution, County Court misstated the minimum term of postrelease supervision (see Penal Law § 70.45 [2] [f]), and defendant was not advised of the maximum potential sentence {see People v Brown, 77 AD3d 1053, 1054 [2010]). While the People stated that defendant would be entering an “open” guilty plea to both counts of the indictment *1051 without an appeal waiver, which defendant was entitled to do “as a matter of right” (CPL 220.10 [2]), upon inquiry from County Court defense counsel stated, without explanation or discussion, that defendant would be waiving his right to appeal. The court then reiterated that there was no plea agreement. After defendant’s plea allocution to the burglary count only, the People changed course and indicated that defendant would not be required to enter a plea to the remaining count and the court stated that the plea satisfied that charge. Thus, the record does not reflect that defendant was accurately advised, prior to the plea allocution, of his rights, options or the terms of his plea.
Moreover, “[w]hen a defendant opts to plead guilty, he [or she] must waive certain constitutional rights — the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses” (People v Tyrell, 22 NY3d 359, 365 [2013], citing Boykin v Alabama, 395 US 238, 243 [1969]). While there is no “uniform mandatory catechism” (People v Alexander, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]), and the court need not “specifically enumerate all the rights” implicated (People v Harris, 61 NY2d 9, 16 [1983]), here, the only constitutional right referred to was the right to a jury trial. We cannot conclude that defendant’s guilty plea was knowing, voluntary and intelligent as there was neither “an affirmative showing on the record that defendant waived his constitutional rights” (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citation omitted]), nor any indication that he “consulted with his attorney about the constitutional consequences of a guilty plea” (id.; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; compare People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014]).*
We also note, with regard to the oral appeal waiver, that County Court did not adequately convey “that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” but, rather, improperly lumped those rights together (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]). Although the record contains a written appeal waiver dated the same day as the plea proceedings, there was no “attempt by the court to *1052 ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents” (People v Callahan, 80 NY2d 273, 283 [1992]; see People v Patterson, 119 AD3d 1157, 1158 [2014], lv denied 24 NY3d 1046 [2014]). In light of the foregoing, defendant’s remaining contentions need not be addressed.
Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision.

 While defendant did not move to withdraw his plea on this ground, the Court of Appeals has suggested that a “Boykin rights” error “could also be viewed as a mode of proceedings error for which preservation is not required” (People v Tyrell, 22 NY3d at 364). In any event, we exercise our interest of justice jurisdiction to reverse the judgment (see CPL 470.15 [3] [c]).