■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD KLINGER, Appellant. [10 NYS3d 366]—

Devine, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 22, 2014, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree and waived his right to appeal. The plea agreement contemplated that defendant would be sentenced to a split sentence of six months in jail and five years of probation, with three months of additional jail time to be imposed upon his guilty plea to a separate charge of driving while intoxicated. Defendant thereafter moved to withdraw his guilty plea. County Court denied the motion, finding that defendant understood the rights that he was giving up by pleading guilty and had voluntarily elected to do so. County Court imposed the agreed-upon sentence, and defendant now appeals.

Defendant argues that his plea was invalid because County Court failed to advise him of the rights that he would be waiving by pleading guilty, including "the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (*People v Tyrell*, 22 NY3d 359, 365 [2013], citing *Boykin v Alabama*, 395 US 238, 243 [1969]; *see People v Vences*, 125 AD3d 1050, 1051 [2015]). This argument is unpreserved given defendant's failure to advance it in his motion to withdraw his plea (*see People v Devault*, 124 AD3d 1140, 1141 [2015], *lv denied* 25 NY3d 989 [2015]; *People v Escalante*, 16 AD3d 984, 984-985 [2005], *lv denied* 5 NY3d 788 [2005]). While it is somewhat unclear as to the precise characterization of this type of error (*see People v Tyrell*, 22 NY3d at 364), it is undoubtedly one serious enough to warrant reversal in the interest of justice (*see People v Vences*, 125 AD3d at 1051 n; *but see People v Jackson*, 123 AD3d 634, 634-635 [2014]). Inasmuch as this argument further relates to the question of whether defendant knowingly, intelligently and voluntarily elected to give up his rights and plead guilty (*see People v Tyrell*, 22 NY3d at 365-366; *People v Fiumefreddo*, 82 NY2d 536, 543-544 [1993]), it survives even a valid appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Miner*, 120 AD3d 1449, 1449 [2014]).

Turning to the merits, a trial court is neither required "to specifically enumerate all the rights to which the defendant was entitled [or] to elicit . . . detailed waivers before accepting [a] guilty plea" (*People v Tyrell*, 22 NY3d at 365 [internal quotation marks and citation omitted]), nor engage in "a uniform

mandatory catechism of pleading defendants" (*People v Alexander*, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]). There must, however, "be 'an affirmative showing on the record' that the defendant waived his [or her] constitutional rights" (*People v Tyrell*, 22 NY3d at 365, quoting *People v Fiumefreddo*, 82 NY2d at 543; *see People v Moore*, 24 NY3d 1030, 1031-1032 [2014]). County Court made no effort to explain the rights that defendant was giving up by pleading guilty, making nothing more than a passing reference to them when asking if defendant had "any questions." County Court further failed to establish that "defendant consulted with his attorney about the constitutional consequences of a guilty plea," instead making a vague inquiry into whether defendant had spoken to defense counsel regarding "the plea bargain" and "the case" (*People v Tyrell*, 22 NY3d at 365; *compare People v Ocasio-Rosario*, 120 AD3d 1463, 1464 [2014]). Inasmuch as the record does not demonstrate defendant's understanding or waiver of his constitutional rights, we reverse the judgment of conviction, thereby vacating the guilty plea, and remit so that County Court can proceed with the requested pretrial hearings.

McCarthy, J.P., Lynch and Clark, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.