*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 16, 2015                    105753
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

ADAM MONES,
                        Appellant.
_____


Calendar Date:   April 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.;
          Rose, J., vouched in.


_____


        John Ferrara, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Katy
Schlichtman of counsel), for respondent.


_____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered April 12, 2012, (1) convicting
defendant upon his plea of guilty of the crime of burglary in the
second degree and of violating probation, and (2) which revoked
defendant's probation and imposed a sentence of imprisonment.

        Pursuant to a negotiated agreement that included a waiver
of appeal, defendant pleaded guilty to a superior court
information charging him with burglary in the second degree and
admitted to violating probation.  He was sentenced in accordance
therewith to an aggregate prison term of 8½ years to be followed
by five years of postrelease supervision.  Defendant now appeals.
Because defendant's guilty plea was not knowing, voluntary and

intelligent, we reverse.

Initially, we find that defendant's waiver of his right to appeal was not valid.  During the plea colloquy, County Court failed to "adequately convey 'that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty'" (People v Vences, 125 AD3d 1050, 1051 [2015], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]).  A written waiver executed by defendant the same day as the plea colloquy suffers from the same deficiency and, in any event, "there was 'no attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents'" (People v Vences, 125 AD3d at 1051-1052, quoting People v Callahan, 80 NY2d 273, 283 [1992]).

Turning to defendant's guilty plea, County Court also failed to properly inform defendant of his trial rights. Although defendant failed to advance this issue via an appropriate postallocution motion, the Court of Appeals has suggested that a trial court's failure to properly inform a defendant as to his trial rights during a plea colloquy "could . . . be viewed as a mode of proceedings error for which preservation is not required" (People v Tyrell, 22 NY3d 359, 364 [2013]).  In any event, we exercise this Court's interest of justice jurisdiction to reverse the judgment (see People v Klinger, ___ AD3d ___, ___, 10 NYS3d 366, 367 [2015]; People v Vences, 125 AD3d at 1051 n 1).  We recognize that a trial judge is not required to "specifically enumerate all the rights to which the defendant was entitled [or] to elicit . . . detailed waivers before accepting [a] guilty plea" (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citation omitted]), and there is no "uniform mandatory catechism of pleading defendants" (People v Alexander, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]).  However, there must be "'an affirmative showing on the record' that the defendant waived his [or her] constitutional rights" (People v Tyrell, 22 NY3d at 365, quoting People v Fiumefreddo, 82 NY2d 536, 543 [1993]; see People v Moore, 24 NY3d 1030, 1031 [2014]).

Here, the plea colloquy took place over a two-day period. On the first day, after the prosecutor recited the plea terms, County Court informed defendant that he would be "giving up [his] rights to proceed to a trial [and] to appeal." Defense counsel then requested additional time to speak with defendant, and the case was adjourned until the following morning. However, when the proceedings resumed, there was no affirmative indication that defendant had actually "consulted with his attorney" or that any such consultation during the adjournment was "about the constitutional consequences of a guilty plea" (People v Tyrell, 22 NY3d at 365 [emphasis added]; see People v Vences, 125 AD3d at 1051; compare People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014]). Instead, the prosecutor again recited the plea terms and County Court simply asked defendant if anyone was forcing him to give up "those rights." Defendant responded in the negative and the court then stated, "Trial rights, grand jury right, appellate rights, et cetera?" to which defendant again replied "no." No explanation of the aforementioned rights or the consequences of defendant's waiver was provided. Because "[p]resuming waiver from a silent record is impermissible" (Boykin v Alabama, 395 US 238, 242 [1969] [internal quotation marks and citation omitted]; see People v Tyrell, 22 NY3d at 365-366), and this record is silent as to whether defendant was informed of the constitutional trial rights that he was giving up, there is insufficient evidence to establish an adequate waiver of such rights (see People v Tyrell, 22 NY3d at 365-366; People v Klinger, 10 NYS3d at 368; People v Vences, 125 AD3d at 1051). In light of the foregoing, defendant's remaining contentions are academic.

Rose and Clark, JJ., concur.

Devine, J. (dissenting).

We agree with our colleagues that defendant did not execute a valid waiver of his right to appeal. Because we are persuaded that the plea itself was entered into in a knowing, voluntary and intelligent manner, however, we dissent.

County Court was indeed obliged to advise defendant of the rights that he would be forgoing by his guilty plea, including "the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (People v Tyrell, 22 NY3d 359, 365 [2013], citing Boykin v Alabama, 395 US 238, 243 [1969]; see People v Vences, 125 AD3d 1050, 1051 [2015]). In that regard, a trial court is not required "to specifically enumerate all the rights to which the defendant was entitled [or] to elicit . . . detailed waivers before accepting [a] guilty plea" (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citations omitted]), nor is there "a uniform mandatory catechism of pleading defendants" (People v Alexander, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]). It is accordingly well settled "that a detailed articulation and waiver of the three rights mentioned in Boykin [are] not constitutionally mandated" (People v Harris, 61 NY2d 9, 19 [1983]). There must, however, be some "'affirmative showing on the record' that the defendant waived his [or her] constitutional rights" (People v Tyrell, 22 NY3d at 365, quoting People v Fiumefreddo, 82 NY2d 536, 543 [1993]; see People v Moore, 24 NY3d 1030, 1031 [2014]).

Contrary to the conclusion of our colleagues, this is not a case where the record evinces "a complete absence of discussion of any of the pertinent constitutional rights . . . . by the court, defense counsel or defendant" (People v Tyrell, 22 NY3d at 366; compare People v Moore, 24 NY3d at 1031). County Court asked defendant during the plea colloquy if he had adequately conferred with defense counsel on whether to move forward with a trial and probation violation hearing. Defendant confirmed that he had, and agreed that he had no questions of defense counsel "regarding . . . giving up [his] rights to proceed to a trial" (compare People v Klinger, ___ AD3d ___, ___, 10 NYS3d 366, 368 [2015]). Defense counsel requested additional time to speak to defendant, and County Court adjourned the case until the next morning. The plea colloquy was concluded then and, given the parties' interactions the prior day, was less than comprehensive. County Court again confirmed, however, that defendant was not being forced to give up his trial rights and had no further questions of defense counsel regarding "giving up [his] rights."

There is no question that a further explanation by County Court as to the trial rights that defendant was forfeiting by pleading guilty would have been welcome. Defendant nevertheless acknowledged on the record that he had no questions of defense counsel regarding the nature of the trial rights that he was giving up, they conferred overnight, and defendant reiterated the next day that he had no questions of defense counsel regarding the forfeiture of his rights. Absent any indication that defense counsel rendered ineffective assistance or otherwise failed to discuss the nature of the trial rights that defendant was expected to forfeit, we have no difficulty discerning from this record that "defendant consulted with his attorney about the constitutional consequences of a guilty plea" and knowingly accepted those consequences (People v Tyrell, 22 NY3d at 365; see People v Harris, 61 NY2d at 19-20; People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014]; compare People v Klinger, 10 NYS3d at 368).

Egan Jr., J., concurs.

ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court