McCarthy, J.P.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 12, 2012, (1) convicting defendant upon his plea of guilty of the crime of burglary in the second degree and of violating probation, and (2) which revoked defendant’s probation and imposed a sentence of imprisonment.
Pursuant to a negotiated agreement that included a waiver of appeal, defendant pleaded guilty to a superior court information charging him with burglary in the second degree and admitted to violating probation. He was sentenced in accordance therewith to an aggregate prison term of 8V2 years to be followed by five years of postrelease supervision. Defendant now appeals. Because defendant’s guilty plea was not knowing, voluntary and intelligent, we reverse.
Initially, we find that defendant’s waiver of his right to appeal was not valid. During the plea colloquy, County Court failed to “adequately convey ‘that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty’ ” (People v Vences, 125 AD3d 1050, 1051 [2015], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v *1245 Bradshaw, 18 NY3d 257, 264 [2011]). A written waiver executed by defendant the same day as the plea colloquy suffers from the same deficiency and, in any event, “there was no ‘attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents’ ” (People v Vences, 125 AD3d at 1051-1052, quoting People v Callahan, 80 NY2d 273, 283 [1992]).
Turning to defendant’s guilty plea, County Court also failed to properly inform defendant of his trial rights. Although defendant failed to advance this issue via an appropriate postallocution motion, the Court of Appeals has suggested that a trial court’s failure to properly inform a defendant as to his trial rights during a plea colloquy “could ... be viewed as a mode of proceedings error for which preservation is not required” (People v Tyrell, 22 NY3d 359, 364 [2013]). In any event, we exercise this Court’s interest of justice jurisdiction to reverse the judgment (see People v Klinger, 129 AD3d 1115, 1116 [2015]; People v Vences, 125 AD3d at 1051 n 1). We recognize that a trial judge is not required to “specifically enumerate all the rights to which the defendant was entitled [or] to elicit . . . detailed waivers before accepting [a] guilty plea” (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citation omitted]), and there is no “uniform mandatory catechism of pleading defendants” (People v Alexander, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]). However, there must be “ ‘an affirmative showing on the record’ that the defendant waived his [or her] constitutional rights” (People v Tyrell, 22 NY3d at 365, quoting People v Fiumefreddo, 82 NY2d 536, 543 [1993]; see People v Moore, 24 NY3d 1030, 1031 [2014]).
Here, the plea colloquy took place over a two-day period. On the first day, after the prosecutor recited the plea terms, County Court informed defendant that he would be “giving up [his] rights to proceed to a trial [and] to appeal.” Defense counsel then requested additional time to speak with defendant, and the case was adjourned until the following morning. However, when the proceedings resumed, there was no affirmative indication that defendant had actually “consulted with his attorney” or that any such consultation during the adjournment was “about the constitutional consequences of a guilty plea” (People v Tyrell, 22 NY3d at 365 [emphasis added]; see People v Vences, 125 AD3d at 1051; compare People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014]). Instead, the prosecutor again recited the plea terms and County Court simply asked defend *1246 ant if anyone was forcing him to give up “those rights.” Defendant responded in the negative and the court then stated, “Trial rights, grand jury right, appellate rights, et cetera?” to which defendant again replied “no.” No explanation of the aforementioned rights or the consequences of defendant’s waiver was provided. Because “[presuming waiver from a silent record is impermissible” (Boykin v Alabama, 395 US 238, 242 [1969] [internal quotation marks and citation omitted]; see People v Tyrell, 22 NY3d at 365-366), and this record is silent as to whether defendant was informed of the constitutional trial rights that he was giving up, there is insufficient evidence to establish an adequate waiver of such rights (see People v Tyrell, 22 NY3d at 365-366; People v Klinger, 129 AD3d at 1116-1117; People v Vences, 125 AD3d at 1051). In light of the foregoing, defendant’s remaining contentions are academic.
Rose and Clark, JJ., concur.