Devine, J.
(dissenting). We agree with our colleagues that defendant did not execute a valid waiver of his right to appeal. Because we are persuaded that the plea itself was entered into in a knowing, voluntary and intelligent manner, however, we dissent.
County Court was indeed obliged to advise defendant of the rights that he would be forgoing by his guilty plea, including “the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses” (People v Tyrell, 22 NY3d 359, 365 [2013], citing Boykin v Alabama, 395 US 238, 243 [1969]; see People v Vences, 125 AD3d 1050, 1051 [2015]). In that regard, a trial court is not required “to specifically enumerate all the rights to which the defendant was entitled [or] to elicit . . . detailed waivers before accepting [a] guilty plea” (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citations omitted]), nor is there “a uniform mandatory catechism of pleading defendants” (People v Alexander, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]). It is accordingly well settled “that a detailed articulation and waiver of the three rights mentioned in Boykin [are] not constitutionally mandated” (People v Harris, 61 NY2d 9, 19 [1983]). There must, however, be some “ ‘affirmative showing on the record’ that the defendant waived his [or her] constitutional rights” (People v Tyrell, 22 NY3d at 365, quoting People v Fiumefreddo, 82 NY2d 536, 543 [1993]; see People v Moore, 24 NY3d 1030, 1031 [2014]).
Contrary to the conclusion of our colleagues, this is not a case where the record evinces “a complete absence of discussion of any of the pertinent constitutional rights .... by the *1247 court, defense counsel or defendant” (People v Tyrell, 22 NY3d at 366; compare People v Moore, 24 NY3d at 1031). County Court asked defendant during the plea colloquy if he had adequately conferred with defense counsel on whether to move forward with a trial and probation violation hearing. Defendant confirmed that he had, and agreed that he had no questions of defense counsel “regarding . . . giving up [his] rights to proceed to a trial” (compare People v Klinger, 129 AD3d 1115, 1116-1117 [2015]). Defense counsel requested additional time to speak to defendant, and County Court adjourned the case until the next morning. The plea colloquy was concluded then and, given the parties’ interactions the prior day, was less than comprehensive. County Court again confirmed, however, that defendant was not being forced to give up his trial rights and had no further questions of defense counsel regarding “giving up [his] rights.”
There is no question that a further explanation by County Court as to the trial rights that defendant was forfeiting by pleading guilty would have been welcome. Defendant nevertheless acknowledged on the record that he had no questions of defense counsel regarding the nature of the trial rights that he was giving up, they conferred overnight, and defendant reiterated the next day that he had no questions of defense counsel regarding the forfeiture of his rights. Absent any indication that defense counsel rendered ineffective assistance or otherwise failed to discuss the nature of the trial rights that defendant was expected to forfeit, we have no difficulty discerning from this record that “defendant consulted with his attorney about the constitutional consequences of a guilty plea” and knowingly accepted those consequences (People v Tyrell, 22 NY3d at 365; see People v Harris, 61 NY2d at 19-20; People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014]; compare People v Klinger, 129 AD3d at 1117).
Egan Jr., J., concurs. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision.