### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 5, 2015                106180
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

RICHARD J. PROPER JR.,
                    Appellant.
_____

Calendar Date:   September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

_____

        Robert D. Siglin, Elmira, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Joann Rose
Parry of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered August 15, 2013, convicting defendant upon
his plea of guilty of the crime of robbery in the second degree
(two counts).

        In satisfaction of a two-count indictment charging him with
robbery in the first degree, defendant pleaded guilty to two
counts of robbery in the second degree and admitted committing
separate robberies of store clerks at knife-point on different
days.  Pursuant to a plea agreement that included a waiver of
appeal, defendant was sentenced as a second felony offender to an
aggregate prison term of 10 years, followed by five years of
postrelease supervision.  Defendant appeals, and we affirm.

Initially, as the People concede, defendant's waiver of appeal is invalid. The record fails to reflect defendant's understanding of the waiver or "that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Callahan, 80 NY2d 273, 283 [1992]; People v Bouton, 107 AD3d 1035, 1036 [2013], lv denied 21 NY3d 1072 [2013]).

As to the merits, defendant argues that his guilty plea was not knowing, voluntary and intelligent because County Court failed to advise him of the rights he was waiving by pleading guilty, including "the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (People v Tyrell, 22 NY3d 359, 365 [2013], citing Boykin v Alabama, 395 US 238, 243 [1969]; accord People v Vences, 125 AD3d 1050, 1051 [2015]). While this claim was not preserved through a postallocution motion to withdraw the plea, to the extent that it challenges a mode of proceedings error, preservation was not required (see People v Tyrell, 22 NY3d at 364; People v Mones, 130 AD3D 1244, 1245 [2015]). In any event, we find this contention to be without merit. While "there must be an affirmative showing on the record that the defendant waived his constitutional rights," the court was not required "to specifically enumerate all the rights to which the defendant was entitled [or] to elicit . . . detailed waivers before accepting the guilty plea" (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citations omitted]; see People v Klinger, 129 AD3d 1115, 1116-1117 [2015]). Here, contrary to defendant's contentions, review of the record reveals that County Court adequately advised him of the terms of the plea agreement, the constitutional and trial-related rights he was forfeiting by pleading guilty, and the consequences of his plea, and defendant indicated that he understood and admitted the charged conduct (cf. People v Klinger, 129 AD3d at 1117; People v Vences, 125 AD3d at 1051). Accordingly, we find that defendant's plea was knowing, voluntary and intelligent (see People v Haffiz, 19 NY3d 883, 884-885 [2012]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Stevenson, 119 AD3d 1156, 1156-1157 [2014]). Defendant's remaining claims have been examined and lack merit.

Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court