Rivera., J.
(concurring in part, dissenting in part in People v Conceicao, and dissenting in People v Perez and People v Sanchez). I join the Chief Judge’s dissent in People v Perez and People v Sanchez, and share his concern regarding the majority’s approach to resolving Boykin claims. I write separately to express my disagreement with the majority’s decision to limit the grounds for review of unpreserved Boykin claims, and to dissent, in part, in People v Conceicao from the majority’s failure to follow our established precedent of dismissing accusatory instruments where no penological purpose exists to remit.
In People v Tyrell, we reviewed defendant’s direct appeal because preservation was not required based on either of two grounds: the so-called LopeziLouree exception or a mode of proceedings error (Tyrell, 22 NY3d 359, 364 [2013]). We explicitly did not resolve which category applied because the defendant’s Boykin claims were “clearly reviewable on direct appeal” (id.). The majority has now determined that Boykin claims must be preserved, like other alleged defects in an allocution, but that a court may, nevertheless, review unpreserved claims when a defendant does not have a practical opportunity to withdraw a plea before sentencing (majority op at 382). In so doing, the majority disregards the fact that the nature of Boykin claims as a general matter, and these claims in particular, necessarily “implicat[es] rights of a constitutional dimension directed to the heart of the proceedings” (Tyrell, 22 *389 NY3d at 364). Therefore, unlike the majority, I would find defendants’ claims in all three appeals reviewable because a Boy-kin violation constitutes a mode of proceedings error.
In People v Conceicao, the majority also departs from our precedent directing dismissal of the accusatory instrument where a plea is vacated after the defendant completes the sentence and no penological purpose is served by remitting the matter (see e.g. Tyrell, 22 NY3d at 366 [plea for marihuana sales vacated after sentence completed]; People v Hightower, 18 NY3d 249, 253 [2011] [accusatory instrument dismissed; defendant had served sentence]; People v Dreyden, 15 NY3d 100, 104 [2010] [complaint charging criminal possession of a weapon jurisdictionally defective; accusatory instrument dismissed because defendant was sentenced to time served]; compare People v Allen, 39 NY2d 916 [1976]; see also People v Mones, 130 AD3d 1244, 1244 [3d Dept 2015] [2012 plea, with sentence of aggregate prison term of 8V2 years and five years’ postrelease supervision, vacated and remitted]; People v Bacetty-Ortiz, 49 Misc 3d 130[A], 2015 NY Slip Op 51420[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [plea of defendant, initially charged with grand larceny in the third degree, a class D felony, vacated and remitted, because a “penological purpose would be served by remitting the matter” as the charged offenses were “serious”]). Like the defendant in Tyrell, Conceicao has served his sentence, and no discernable difference between the two cases is obvious from the record. Therefore, I see no rational justification for dismissal of the accusatory instrument in one and not the other, and, in accordance with our precedent, I would dismiss the accusatory instrument in People v Conceicao.
In People v Conceicao: Order reversed, defendant’s guilty plea vacated and case remitted to Criminal Court of the City of New York, Bronx County, for further proceedings on the accusatory instrument.
Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur, Chief Judge Lippman concurs in result in a separate concurring opinion, Judge Rivera dissents in part in an opinion.
In People v Perez: Order affirmed.
Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur, Chief Judge Lippman dissents in an opinion in which Judge Rivera concurs, Judge Rivera in a separate dissenting opinion.
*390 In People v Sanchez: Order reversed and judgment of Supreme Court, Bronx County, reinstated.
Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur, Chief Judge Lippman dissents in an opinion in which Judge Rivera concurs, Judge Rivera in a separate dissenting opinion.