*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                107099
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KENNETH BOND,
                        Appellant.
_____


Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____


        Brian M. Callahan, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A.
Brunecz of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered August 7, 2014, convicting
defendant upon his plea of guilty of the crime of robbery in the
third degree.

        Pursuant to a negotiated plea agreement, defendant waived
indictment and pleaded guilty to robbery in the third degree as
charged in a superior court information.  He also orally waived
his right to appeal and signed a written waiver of appeal in open
court.  Defendant was then sentenced, as a second felony
offender, to a prison term of 3 to 6 years, and he now appeals.

        Defendant contends that his factual recitation during the
plea colloquy did not establish the element of force required for

robbery in the third degree (see Penal Law § 160.05).  Inasmuch as this argument constitutes a challenge to the factual sufficiency of the plea, "it is precluded by [defendant's] valid appeal waiver, which he does not take issue with on appeal" (People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]; see People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]; People v Devault, 124 AD3d 1140, 1140-1141 [2015], lv denied 25 NY3d 989 [2015]).

Defendant also contends that his plea was not knowing, voluntary and intelligent because County Court failed to advise him that he would be giving up his constitutional privilege against self-incrimination by pleading guilty (see People v Tyrell, 22 NY3d 359, 365 [2013]; see also Boykin v Alabama, 395 US 238, 243 [1969]).  Although this claim survives defendant's valid appeal waiver (see People v Giammichele, 144 AD3d 1320, 1320 [2016]; People v Klinger, 129 AD3d 1115, 1116 [2015]), it is unpreserved for our review as there is no indication in the record that he made an appropriate postallocution motion, despite having ample time to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Toledo, 144 AD3d 1332, 1333 [2016]; People v Giammichele, 144 AD3d at 1320; People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]).  In any event, we decline to take corrective action in the interest of justice inasmuch as the record confirms that County Court adequately advised defendant of the constitutional rights he was forfeiting by pleading guilty.  Furthermore, defendant expressed his understanding of those rights and he acknowledged his familiarity with them based upon his prior experience entering guilty pleas (see People v Sommers, 140 AD3d at 1538; People v Walker, 135 AD3d 1244, 1245 [2016]; People v Proper, 133 AD3d 918, 919 [2015]; compare People v Lowe, 133 AD3d 1099, 1101 [2015]).  Thus, we are satisfied that there is "an affirmative showing on the record that the defendant waived his constitutional rights" (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citation omitted]).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court