*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017          106527
                                                 107322
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,
         v                                MEMORANDUM AND ORDER

JEREMIAH HERBERT,
                      Appellant.
_____

Calendar Date:   January 12, 2017

Before:   Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

                         _____


        Gail B. Rubenfeld, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

                         _____


Peters, P.J.

        Appeals (1) from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered December 19, 2013, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree, and (2) by
permission, from an order of said court, entered January 6, 2015
in Sullivan County, which denied defendant's motion pursuant to
CPL 440.10 to vacate the judgment of conviction, without a
hearing.

        Defendant was charged with criminal sale of a controlled
substance in the third degree (two counts) and criminal
possession of a controlled substance in the third degree (two
counts).  Following the denial of his motion to suppress

statements made to police and physical evidence seized upon his arrest, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of the charges and purportedly waived his right to appeal.  In accordance with the plea agreement, County Court sentenced defendant as a second felony offender to eight years in prison to be followed by two years of postrelease supervision.  Defendant's subsequent CPL article 440 motion to vacate the judgment of conviction was denied without a hearing.  He now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.

Initially, we find that defendant's waiver of the right to appeal was not valid.  During the plea colloquy, County Court failed to adequately convey "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]; People v Blackmon, 122 AD3d 1071, 1072 [2014], lv denied 24 NY3d 1218 [2015]).  Although defendant executed a detailed written waiver, there was no attempt by the court to "ensure that defendant understood the content or consequences of the appeal waiver" (People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]; accord People v Gonzalez, 138 AD3d 1353, 1354 [2016]; see People v Lemon, 137 AD3d at 1423; People v Ritter, 124 AD3d 1133, 1134 [2015]).

Because the appeal waiver is invalid, defendant is not precluded from challenging County Court's denial of his suppression motion.  Nevertheless, we find no merit in his claim that the statements he made to police and the physical evidence seized upon his arrest should have been suppressed because the arresting officer lacked probable cause to arrest him.  "Even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts upon the direction of or as a result of communication with a superior or fellow officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make

the arrest" (People v Taylor, 134 AD3d 1165, 1169 [2015] [internal quotation marks, brackets and citations omitted], lv denied 26 NY3d 1150 [2016]; accord People v Ramirez-Portoreal, 88 NY2d 99, 113 [1996]; see People v Carter, 140 AD3d 1394, 1395 [2016], lv denied 28 NY3d 969 [2016]). Here, probable cause was established by defendant's sale of heroin to an undercover officer on the day before his arrest (see People v Stroman, 106 AD3d 1268, 1269-1270 [2013], lv denied 21 NY3d 1046 [2013]; People v Perez, 47 AD3d 1071, 1072-1073 [2008]). The arresting officer testified that, although he had no personal knowledge of defendant's activities at the time of the drug transaction, he was present at the scene. "While it would have been better practice to elicit direct evidence of a communication between the officers, the suppression court was not precluded from drawing the inference from the circumstantial evidence presented" that the information regarding the drug transaction had been conveyed to the arresting officer (People v Ramirez-Portoreal, 88 NY2d at 114; see People v Darby, 287 AD2d 300, 300 [2001], lv denied 97 NY2d 753 [2002]). Accordingly, the arrest of defendant was lawful, and County Court properly denied defendant's motion to suppress (see People v Ramirez-Portoreal, 88 NY2d at 114; People v Taylor, 134 AD3d at 1169-1170; People v Garcia, 131 AD3d 732, 734 [2015], lv denied 27 NY3d 997 [2016]).

We do, however, agree with defendant that his guilty plea was not knowing, voluntary and intelligent because County Court failed to advise him of the rights that he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, 22 NY3d 359, 365 [2013]; People v Proper, 133 AD3d 918, 919 [2015]). Although defendant's challenge to the plea was not preserved through an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]), we exercise our interest of justice jurisdiction to reverse the judgment (see People v Mones, 130 AD3d 1244, 1245 [2015]; People v Klinger, 129 AD3d 1115, 1116-1117 [2015]). "While there is no mandatory catechism required of a pleading defendant, there must be an affirmative showing on the record that the defendant waived his or her constitutional rights" (People v Lowe, 133 AD3d 1099, 1100 [2015] [internal quotation

marks, brackets and citations omitted]; see People v Tyrell, 22 NY3d at 365-366; People v Mones, 130 AD3d at 1245; People v Klinger, 129 AD3d at 1116-1117).

Here, County Court made no effort to explain the consequences of a guilty plea, making only a passing reference to them by asking defendant if anyone was forcing him to give up his "right[] to [a] jury trial" (see People v Mones, 130 AD3d at 1245-1246; People v Klinger, 129 AD3d at 1117; compare People v Proper, 133 AD3d at 919). The court further failed to establish that defendant had consulted with his counsel about the trial-related rights that he was forfeiting by pleading guilty or the constitutional consequences of a guilty plea, "instead making a vague inquiry into whether defendant had spoken to defense counsel" (People v Klinger, 129 AD3d at 1117) or had any questions of his counsel regarding his "rights," "the plea bargain, the trial and anything else that [was] important to [him]" (see People v Lowe, 133 AD3d at 1101; People v Mones, 130 AD3d at 1245; People v Klinger, 129 AD3d at 1117). With no affirmative showing on the record that defendant understood and waived his constitutional rights when he entered the guilty plea, the plea was invalid and must be vacated (see People v Lowe, 133 AD3d at 1101; People v Klinger, 129 AD3d at 1117; People v Vences, 125 AD3d 1050, 1051 [2015]).

Finally, we reject defendant's contention that County Court erred in denying his CPL article 440 motion without a hearing. Inasmuch as defendant's claim that he was deprived of his right to testify before the grand jury can be determined on the record and was reviewable on direct appeal, County Court properly denied the motion without a hearing (see CPL 440.10 [2] [b]; People v Jones, 101 AD3d 1482, 1483 [2012], lv denied 21 NY3d 1017 [2013]; People v Chiacchiarini, 91 AD3d 1118, 1119 [2012], lv denied 19 NY3d 863 [2012]; People v Lagas, 49 AD3d 1025, 1026 [2008], lvs denied 10 NY3d 859, 866 [2008]).

Egan Jr., Rose, Devine and Aarons, JJ., concur.

ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

ORDERED that the order is affirmed.


ENTER:


Robert D. Mayberger
Clerk of the Court