■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AUBAIN, Appellant. [61 NYS3d 148]—

McCarthy, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 8, 2014, (1) convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

In 2009, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to five years of probation. While on probation, defendant was ar-

rested after allegedly selling cocaine to a confidential informant and agreed to plead guilty to criminal sale of a controlled substance in the third degree, as charged in a superior court information, and to violating the terms of his probation. As part of the agreement, which purportedly included that he waive the right to appeal, defendant was to receive, as a second felony offender, an aggregate sentence of 4½ years in prison, followed by three years of postrelease supervision. Defendant failed to appear at sentencing and a bench warrant was issued for his arrest. Defendant was arrested on the warrant six months later. He thereafter agreed to admit to violating a *Parker* admonishment in exchange for not being charged with bail jumping, with the understanding that he would now be sentenced to an aggregate prison term of seven years, to be followed by three years of postrelease supervision. County Court thereafter revoked defendant's probation and imposed the agreed-upon aggregate sentence. Defendant now appeals.

Initially, we agree with defendant that he did not validly waive the right to appeal. County Court failed to distinguish "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Gonzalez*, 138 AD3d 1353, 1354 [2016]). Moreover, although defendant executed a detailed written waiver, County Court did not "ensure that defendant understood the content or consequences of the appeal waiver" (*People v Williams*, 132 AD3d 1155, 1155 [2015], *lv denied* 27 NY3d 1157 [2016]; *see People v Lemon*, 137 AD3d 1422, 1423 [2016], *lv denied* 27 NY3d 1135 [2016]).

Defendant also contends that his guilty plea to criminal sale of a controlled substance in the third degree and violating his probation was not knowing, voluntary and intelligent because County Court failed to inform him of the constitutional rights he was waiving by pleading guilty. Although this contention is unpreserved for our review, inasmuch as he failed to make an appropriate postallocution motion (*see People v Conceicao*, 26 NY3d 375, 382 [2015]; *People v Bond*, 146 AD3d 1155, 1156 [2017]), we find that the error warrants reversal of the judgment in the interest of justice (*see People v Herbert*, 147 AD3d 1208, 1210 [2017]; *People v Mones*, 130 AD3d 1244, 1245 [2015]).

"While there is no mandatory catechism required of a pleading defendant, there must be an affirmative showing on the record that the defendant waived his or her constitutional rights" (*People v Lowe*, 133 AD3d 1099, 1100 [2015] [internal quotation marks, brackets and citations omitted]; *see People v*

*Tyrell*, 22 NY3d 359, 365 [2013]). During the plea allocution, County Court merely asked whether defendant understood "what the attorneys have told me about you waiving your rights and entering pleas of guilty to a felony, violation of probation and all of that stuff" and whether defendant had "[a]ny questions at all regarding you giving up your rights to a jury trial, your rights to presumption of innocence, your rights to a violation of probation hearing, anything like that." County Court further failed to ascertain whether defendant had discussed with counsel the trial-related rights being waived by a guilty plea or its constitutional consequences. Rather, County Court simply inquired whether defendant "[had] the time, and did you talk to [counsel] regarding this case, the disposition, and anything else that is important to you, with respect to these charges" (*see People v Herbert*, 147 AD3d at 1210; *People v Lowe*, 133 AD3d at 1101; *People v Mones*, 130 AD3d at 1245). Additionally, County Court did not advise defendant of his rights or the consequences regarding an admission to violating probation (*see People v Bryant*, 262 AD2d 791, 791 [1999]), including that he understood that he was entitled to a hearing on the issue and that he was waiving that right (*compare People v Crowell*, 119 AD3d 1163, 1164 [2014], *lv denied* 24 NY3d 1083 [2014]; *People v Diaz*, 26 AD3d 644, 645 [2006], *lv denied* 7 NY3d 755 [2006]). "With no affirmative showing on the record that defendant understood and waived his constitutional rights when he entered the guilty plea, the plea was invalid and must be vacated" (*People v Herbert*, 147 AD3d at 1210 [citations omitted]; *see People v Mones*, 130 AD3d at 1245-1246). Accordingly, the judgment must be reversed. In light of the foregoing, defendant's remaining contentions are academic.

Lynch, Devine, Clark and Aarons, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.