People v Glover (2019 NY Slip Op 00325)





People v Glover


2019 NY Slip Op 00325


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

108423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHAKARIS M. GLOVER, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Amanda FiggsGanter, Albany, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 31, 2016, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
After her arrest on a charge of criminal possession of a controlled substance in the third degree, defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal possession of a controlled substance in the third degree. In satisfaction thereof, she pleaded guilty to attempted criminal possession of a controlled substance in the third degree. Defendant subsequently made a pro se motion to withdraw her guilty plea, but withdrew the motion before it was decided. Thereafter, in accordance with the terms of the plea agreement, she was sentenced as a second felony offender to 1½ years in prison followed by two years of postrelease supervision. She now appeals, and we affirm.
Although defendant contends that her guilty plea was not knowing, voluntary and intelligent because County Court failed to adequately advise her of the constitutional rights that she was relinquishing by pleading guilty, she ultimately withdrew her pro se postallocution motion to withdraw her guilty plea and, therefore, this claim was not preserved for appellate review (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016])[FN1]. Although defendant requests that we take [*2]corrective action in the interest of justice, such review is a discretionary act to be exercised sparingly and "only in that rare and unusual case . . . cr[ying] out for fundamental justice" (People v Williams, 145 AD3d 100, 107 [2016] [internal quotation marks and citation omitted]; see CPL 470.15 [6] [a]; People v Matthew NN., 156 AD3d 1119, 1120 [2017]). It is a review to be applied on a case-by-case basis, upon consideration of the particular facts of each case (see People v Williams, 145 AD3d at 106-107; People v Harmon, 181 AD2d 34, 36 [1992]).
Applying these principles to this case, we find that this is not a proper matter for the exercise of our interest of justice jurisdiction. Defendant has a lengthy criminal history and admitted at the time of the plea that she was guilty of possessing heroin with the intent to sell it. Defendant was represented by counsel and entered into a plea agreement with a favorable sentence. Although defendant later filed a motion to withdraw her plea, she elected to withdraw the motion after being granted an adjournment and conferring with counsel. Significantly, defendant has since served her negotiated sentence and been released from custody; however, if this conviction is reversed, defendant once again faces prosecution for the original charge, which, if convicted, carries a greater sentencing range [FN2]. Given these facts, we decline to exercise our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Walker, 135 AD3d 1244, 1245-1246 [2016]; see also People v Gillegbower, 143 AD3d 479, 479 [2016], lv denied 28 NY3d 1145 [2017]; People v Simmons, 138 AD3d 520, 520 [2016], lv denied 27 NY3d 1139 [2016]; compare People v Holmes, 162 AD3d 1117, 1118 [2018]).
Garry, P.J., and Rumsey, J., concur.




Clark, J. (dissenting).


We respectfully dissent. Unlike the majority, we would exercise this Court's interest of justice jurisdiction to take corrective action, as the Court did in People v Demkovich (___ AD3d ___ [decided herewith]) and People v Holmes (162 AD3d 1117, 1118 [2018]), and reverse the judgment of conviction on the basis that the underlying guilty plea is invalid.
Defendant specifically asks this Court to exercise its interest of justice jurisdiction to vacate the underlying invalid guilty plea [FN3]. Our review of the plea colloquy reveals that County Court engaged in an extremely limited exchange with defendant, advising her only that, by pleading guilty, she would forever relinquish her "right to go to trial, the right to testify, to call witnesses, [and to] cross-examine the People's witness[es]." Critically, there was no discussion of the privilege against self-incrimination, the right to be tried by a jury or whether defendant had conferred with counsel and understood the constitutional rights that she was automatically waiving by pleading guilty (see People v Demkovich, slip op at *2-3; People v Holmes, 162 AD3d at 1118; People v Cotto, 156 AD3d 1063, 1064 [2017]; People v Lowe, 133 AD3d 1099, 1100-1101 [2015]; see generally People v Sougou, 26 NY3d 1052, 1054-1055 [2015]). There can be no dispute that the woefully inadequate plea colloquy failed to affirmatively establish that [*3]defendant understood and voluntarily waived her constitutional rights when pleading guilty and that, given this significant deficiency, defendant's guilty plea is invalid (see People v Simon, 166 AD3d 1075, 1077 [2018]; People v Aubain, 152 AD3d 868, 870 [2017]; People v Klinger, 129 AD3d 1115, 1117 [2015]; see generally People v Tyrell, 22 NY3d 359, 365-366 [2013]).
We disagree with the majority's conclusion "that this is not a proper matter for the exercise of [the Court's] interest of justice jurisdiction." Although we agree with the majority that this Court's exercise of its interest of justice jurisdiction should be limited, this Court has routinely and repeatedly exercised such jurisdiction when the record fails, as it does here, to affirmatively establish that the defendant understood and voluntarily waived his or her constitutional rights, particularly when there was no showing that the defendant consulted with defense counsel regarding the relinquishment of trial-related rights or the consequences of the guilty plea (see e.g. People v Simon, 166 AD3d at 1077; People v Schmitz, 159 AD3d 1222, 1223 [2018]; People v Cotto, 156 AD3d at 1063-1064; People v Aubain, 152 AD3d at 870; People v Lowe, 133 AD3d at 1100-1101; People v Klinger, 129 AD3d at 1117; People v Vences, 125 AD3d 1050, 1051 n [2015]; People v Dalton, 69 AD3d 1235, 1236 [2010]; compare People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014], lvs denied 25 NY3d 1168 [2015], 26 NY3d 1148 [2016]). In our view, the reasons stated by the majority for declining to exercise the Court's interest of justice jurisdiction represent a shift from the factors ordinarily considered by the Court in making such a determination.
The Court should not impermissibly speculate as to the outcome of reversing the judgment of conviction and remitting the matter to County Court. In denying defendant's request for corrective action in the interest of justice, the majority relies significantly on the possibility that, upon vacatur of the guilty plea, defendant may be ultimately convicted of the original charge and serve an additional period of incarceration. In our view, consideration of whether to exercise our interest of justice jurisdiction should not include this Court's weighing of the potential risks and benefits to a defendant that may result from vacatur of the underlying invalid guilty plea. Just as a defendant retains decision-making authority over the fundamental decision of whether to plead guilty or to proceed to trial (see People v Clark, 28 NY3d 556, 563 [2016]; People v Hogan, 26 NY3d 779, 786 [2016]), such risk-benefit assessment ought to remain with the defendant, who affirmatively requests corrective action in the interest of justice here.
Moreover, defendant's plea colloquy was nearly identical to the deficient plea colloquies in People v Demkovich (slip op at *2) and People v Holmes (162 AD3d at 1118). We perceive no compelling reason for the Court to have granted the defendants' requests for corrective action in the interest of justice in those cases, while denying this defendant's same request here, particularly given that the People declined to submit a responsive brief and informed the Court that they do not oppose defendant's request. Under these circumstances, we would grant defendant's request for corrective action and reverse the judgment of conviction in the interest of justice, thereby vacating the invalid guilty plea, and remit the matter to County Court for further proceedings (see People v Demokovich, supra; People v Holmes, 162 AD3d at 1118; People v Schmitz, 159 AD3d at 1223; People v Herbert, 147 AD3d 1208, 1210 [2017]).
Mulvey, J., concurs.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's contention that County Court coerced her into abandoning her pro se motion to withdraw her guilty plea is belied by the record. Following receipt of defendant's pro se motion — which she filed without the knowledge of her assigned defense counsel — County Court appropriately cautioned defendant with regard to the potential risks to which she would be exposing herself should she choose to proceed with her unopposed motion. Upon further consideration and additional consultation with her defense counsel, defendant unequivocally agreed to withdraw her postallocution motion to withdraw her guilty plea (see People v Skidds, 123 AD3d 1342, 1343 [2014], lv denied 25 NY3d 992 [2015]).

Footnote 2: A conviction for criminal possession of a controlled substance in the third degree carries a sentencing range of between 2 and 12 years in prison (see Penal Law § 70.70 [3] [b] [i]).

Footnote 3: About one month after entering her guilty plea, defendant sought to vacate her plea in a pro se postallocution motion, which was later adopted by her attorney and unopposed by the People at an appearance before County Court. Although defendant subsequently withdrew that motion, we find the circumstances under which she did so to be problematic. Indeed, after adjourning the matter to decide defendant's postallocution motion, County Court brought the parties back into court, informed defendant that it had not yet decided her motion and strongly suggested to defendant that she should withdraw her motion, at which point she did. Had County Court simply denied the motion, rather than seeking defendant's withdrawal of the motion, defendant's challenge to the validity of her guilty plea would have been properly preserved for our review and we would not have to exercise our interest of justice jurisdiction to address the issue.