People v Mones (2019 NY Slip Op 00505)





People v Mones


2019 NY Slip Op 00505


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

109196

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ADAM MONES, Appellant.

Calendar Date: January 4, 2019

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Michael C. Ross, Bloomingburg, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 1, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In 2012, defendant pleaded guilty to a superior court information charging him with burglary in the second degree and admitted to violating his probation. The charges stemmed from a residential burglary that occurred in October 2011. Upon appeal, this Court reversed the judgment of conviction and remitted the matter to County Court for further proceedings (People v Mones, 130 AD3d 1244 [2015]).
In 2015, defendant was charged in an eight-count indictment with various crimes relating to the 2011 burglary, including burglary in the second degree. Pursuant to a negotiated plea agreement, defendant ultimately pleaded guilty to one count of burglary in the second degree and admitted to violating the terms of his probation with the understanding that there would be a sentencing cap of eight years — together with five years of postrelease supervision — and that the sentence imposed upon the burglary conviction would run concurrently with the sentence imposed upon the violation of probation (1&frac13; to 4 years). The plea agreement included a waiver of the right to appeal. After executing a written appeal waiver, defendant pleaded guilty to burglary in the second degree and admitted that he violated his probation. Consistent with the terms of the plea agreement, County Court thereafter sentenced defendant as a second felony offender to a prison term of 6½ years upon the burglary conviction — said sentence to run concurrently with the agreed-upon term of imprisonment for the violation of probation. Defendant now appeals.
The sole argument raised by defendant upon appeal — that the sentence imposed is harsh and excessive — is precluded by defendant's unchallenged waiver of the right to appeal (see People v Knight, 164 AD3d 957, 957-958 [2018], lv denied 32 NY3d 1005 [2018]; People v Valachovic, 163 AD3d 1351, 1351-1352 [2018]; People v Chapman, 160 AD3d 1211, 1211 [*2][2018]; People v St. Mary, 157 AD3d 1168, 1168-1169 [2018], lv denied 31 NY3d 986 [2018]). Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.