Garry, J.
Appeal from a judgment of the County Court of Columbia County (Koweck, J.), rendered July 18, 2012, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant (born in 1948) waived indictment and agreed to be prosecuted by a superior court information charging him with criminal sexual act in the first degree, which alleged that he engaged in oral sexual conduct with a three-year-old child. In conjunction with his plea of guilty to that charge, defendant was informed that the People would make no recommendation as to sentencing. Furthermore, during the plea proceedings, defendant executed a written document setting forth the conditions of the plea agreement, which, among other things, included a statement acknowledging that County Court made “NO PROMISES WHATSOEVER” with respect to sentencing and advised defendant of the maximum sentence that could be imposed. At that time, defendant also acknowledged discussing all aspects of the plea with counsel, and he expressed satisfaction with the representation that he received. Defendant thereafter was sentenced to, among other things, the maximum permissible sentence, namely 25 years in prison, to be followed by 20 years of postrelease supervision. This appeal ensued.
We affirm. Initially, defendant’s claim that he received ineffective assistance of counsel that impacted the voluntariness of his guilty plea is unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Stroman, 107 AD3d 1023, 1025 [2013], lv denied 21 NY3d 1046 [2013]; People v Colon, 106 AD3d 1367, 1368 [2013]). Defendant’s contention that a postallocution motion was not necessary here because the record before us supports his arguments is unpersuasive. Notably, his assertions herein that counsel failed to, among other things, pursue certain pretrial motions and raise all possible defenses “involve matters outside the record and are more properly the subject of a CPL article 440 motion” (People v Wilson, 92 AD3d 981, 981-982 [2012], lv denied 19 NY3d 1029 [2012]).
*1004 Lastly, we are unpersuaded that the sentence imposed is harsh and excessive. While defendant expressed remorse at sentencing and his counsel urged imposition of the minimum permissible sentence, County Court determined that the maximum sentence for a class B violent felony sex offense (see Penal Law §§ 60.05 [3]; 70.02 [3] [a]; 70.45 [2-a] [f]; 70.80 [4] [a] [i]; see also Penal Law § 130.50 [3]) was appropriate given the nature of defendant’s crime, where he “took advantage of someone who was defenseless and young, and . . . altered [that child’s] life.” Contrary to defendant’s argument, we cannot conclude from the record, which indicates that he was thoroughly apprised of his sentence exposure, that he “demonstrate[d] a clear abuse of discretion or the existence of any extraordinary circumstance which would warrant modification” (People v Dunton, 30 AD3d 828, 830 [2006], lv denied 7 NY3d 847 [2006]; see People v Mann, 41 AD3d 977, 982 [2007], lv denied 9 NY3d 924 [2007]).
Lahtinen, J.P, McCarthy and Rose, JJ., concur. Ordered that the judgment is affirmed.