*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: September 29, 2016          105923
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MARK CASOLO,
                    Appellant.
_____

Calendar Date:   September 9, 2016

Before:   McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant, and appellant
pro se.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered March 15, 2013, convicting defendant upon
his plea of guilty of the crimes of grand larceny in the second
degree (five counts) and grand larceny in the third degree (seven
counts).

        Defendant, an investment banker, pleaded guilty to the
entire consolidated indictment charging him with five counts of
grand larceny in the second degree and seven counts of grand
larceny in the third degree, stemming from defendant stealing
money from numerous clients.  No sentencing promises were made by
County Court.  Thereafter, the court sentenced defendant to
prison terms of 5 to 15 years on each of the grand larceny in the

second degree convictions and 2⅓ to 7 years on each of the grand larceny in the third degree convictions, to run concurrently. Defendant also was ordered to pay restitution in the amount of $1,733,000 plus interest.  Defendant appeals.

Defendant contends that his plea was unknowing and involuntary and that he should have been permitted to withdraw his plea as he was unaware that restitution would be imposed. Defendant failed to preserve this issue for our review as the record does not reflect that he made any postallocution motion (see People v Miller, 126 AD3d 1233, 1234 [2015], lv denied 25 NY3d 1168 [2015]), and the narrow exception to the preservation rule is not implicated (see People v Lopez, 71 NY2d 662, 665-666 [1988]).  To the extent that defendant challenges the restitution order, that issue also is not preserved for our review as defendant did not request a hearing and, at sentencing, consented to the amounts specified to each victim indicated in the order (see People v Hall, 135 AD3d 1246, 1246 [2016], lv denied 27 NY3d 998 [2016]; People v Gilmour, 61 AD3d 1122, 1124 [2009], lv denied 12 NY3d 925 [2009]).  We are unpersuaded by defendant's contention that the sentence imposed — which could have run consecutively — was so harsh and excessive so as to constitute an abuse of discretion or warrant a reduction in the interest of justice (see People v DeDeo, 59 AD3d 846, 851 [2009], lv denied 12 NY3d 782 [2009]; People v Provost, 25 AD3d 1016, 1017 [2006], lv denied 6 NY3d 817 [2006]).  Defendant's contention, raised in his supplemental brief, that the plea was not voluntary because of alleged promises by defense counsel with regard to the sentencing concern matters outside the record and are properly the subject of a CPL article 440 motion (see People v Trimm, 129 AD3d 1215, 1216 [2015]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court