■ The People of the State of New York, Respondent, v Helen B. Eickhoff, Appellant. [52 NYS3d 917]—

Lynch, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 13, 2014, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

In satisfaction of an indictment charging her with grand larceny in the second degree and 33 counts of falsifying business records, defendant pleaded guilty to grand larceny in the third degree. Under the terms of the plea agreement, she was required to pay restitution and was to receive a sentence of no more than 2⅓ to 7 years in prison. Defendant was subsequently sentenced to 2 to 6 years in prison and was ordered to pay restitution in the stipulated amount of $128,876.61. She now appeals.

Initially, defendant's challenge to the amount of restitution ordered has not been preserved for our review given that she never objected or requested a restitution hearing and, through her counsel, consented to the amount that was ultimately included in the restitution order (*see People v Musella*, 148 AD3d 1465, 1467 [2017]; *People v Casolo*, 142 AD3d 1247, 1248 [2016], *lv denied* 28 NY3d 1143 [2017]). Moreover, her claim that she was denied the effective assistance of counsel is based on matters regarding the restitution award that are outside the record and is, therefore, more properly the subject of a CPL article 440 motion (*see People v Garry*, 133 AD3d 1039, 1040 [2015]; *People v Davis*, 114 AD3d 1003, 1003 [2014], *lv denied* 23 NY3d 962 [2014]). Lastly, we find no merit to defendant's contention that her sentence is harsh and excessive. Notwithstanding the fact that this was defendant's first criminal conviction, she abused a position of trust by secretly taking a substantial sum of money from her employer's business over a three-year period. In view of this, and given that she could

have received an even longer sentence under the plea agreement, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Adkins*, 108 AD3d 943 [2013]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.