Egan Jr.,
 

 J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 22, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree.
 

 In October 2013, defendant was arrested after the police, who had observed him with a marihuana cigarette in a vehicle with a codefendant, found a stolen, loaded .380 caliber semiautomatic pistol hidden under his seat. Defendant was subsequently charged in an indictment with criminal possession of a weapon in the second degree, criminal sale of a firearm in the third degree, criminal possession of marihuana in the fifth degree and criminal possession of a weapon in the third degree. While released on bail awaiting trial on this indictment, defendant was again arrested in February 2014 after police found him inside a motel room with, among other things, approximately 32 grams of heroin, two digital scales, 900 empty glassine envelopes and an air gun replica revolver, and he was charged in a superior court information with, among other things, criminal possession of a controlled substance in the third degree. Thereafter, pursuant to a plea agreement encompassing both accusatory instruments, defendant waived his right to appeal and pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree with a commitment that County Court would impose a prison sentence with a range of 3V2 to 12 years for the weapons conviction and a maximum of nine years for the drug conviction, with his sentences for each conviction to be served concurrently. Consistent with the terms of the plea agreement, County Court thereafter sentenced defendant to concurrent prison terms of 12 years, followed by five years of postrelease supervision, for his conviction of criminal possession of a weapon in the second degree and nine years, followed by three years of postrelease supervision, for his conviction of criminal possession of a controlled substance in the third degree. Defendant now appeals, contending that the waiver of his right to appeal was invalid and the sentence imposed was harsh and excessive.
 

 We agree with defendant that he did not validly waive the right to appeal. County Court failed to distinguish “that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty’ (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Gonzalez, 138 AD3d 1353, 1354 [2016]). Moreover, although defendant executed a written waiver of appeal, he did not do so in open court, and our review of the record establishes that County Court did not “ensure that defendant understood the content or consequences of the appeal waiver” (People v Williams, 132AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]; see People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]).
 

 Notwithstanding, we disagree with defendant’s contention that the aggregate sentence imposed was harsh and excessive. Defendant voluntarily pleaded guilty to the crimes at issue with full knowledge of the sentencing range that would be imposed and that the sentences were to run concurrently. He was then sentenced in accordance with that agreement. The first charge involved defendant’s illegal possession of a loaded, stolen handgun and, despite that arrest, while out on bail on those charges, defendant then chose to commit another felony by possessing, among other things, a large quantity of heroin and other drug paraphernalia. While mindful that defendant has no prior criminal history and expressed remorse for his crimes, in light of the seriousness of the offenses committed, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Gunn, 144 AD3d 1193, 1196 [2016], lv denied 28 NY3d 1145 [2017]; People v Smith, 100 AD3d 1144, 1144 [2012]).
 

 Garry, J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.