People v Haenelt (2018 NY Slip Op 03879)





People v Haenelt


2018 NY Slip Op 03879


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

108682

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWIN HAENELT, Appellant.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Samantha E. Koolen, Albany, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 1, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to burglary in the second degree and purportedly waived his right to appeal. County Court thereafter sentenced him, as a second felony offender, to five years in prison, to be followed by five years of postrelease supervision, with the prison sentence to run consecutively to a prison sentence he was already serving. Defendant now appeals.
Initially, we agree with defendant that his appeal waiver was not valid. County Court failed to distinguish the right to appeal from those rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Blanco, 156 AD3d 945, 946 [2017]). Further, although defendant executed a written waiver, County Court did not "ensure that defendant understood the content or consequences of the appeal waiver" (People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]; accord People v Cotto, 156 AD3d 1063, 1063 [2017]).
Defendant also contends that his guilty plea was not knowing, intelligent and voluntary because County Court failed to inform him of the constitutional rights he was giving up by [*2]pleading guilty. This contention is not preserved for our review, inasmuch as the record does not reflect that he made an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Evans, 156 AD3d 1246, 1246-1247 [2017]; People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]). Moreover, defendant did not make any statements during the plea allocution that cast doubt on his guilt or otherwise called into question the voluntariness of his plea, so as to trigger the narrow exception to the preservation requirement (see People v Duvall, 157 AD3d 1060, 1061 [2018]; People v Evans, 156 AD3d at 1247). In any event, we would find that County Court adequately advised defendant of the constitutional rights he was forfeiting by pleading guilty and that defendant affirmed his understanding thereof (see People v Duvall, 157 AD3d at 1061; People v Bond, 146 AD3d at 1156). Lastly, we are unpersuaded by defendant's contention that his sentence is harsh and excessive because County Court directed that his prison term run consecutively to, rather than concurrently with, a prison term that he was already serving. The sentence was in accordance with the plea agreement, and our review of the record reveals no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Wolcott, 154 AD3d 1001, 1002 [2017]; People v Eickhoff, 151 AD3d 1120, 1120-1121 [2017], lv denied 29 NY3d 1126 [2017]).
McCarthy, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.