People v Gonzalez (2018 NY Slip Op 04784)





People v Gonzalez


2018 NY Slip Op 04784


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
FRANCISCO GONZALEZ, Appellant.

Calendar Date: May 8, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.


G. Scott Walling, Slingerlands, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 10, 2013, convicting defendant upon his plea of guilty of the crime of criminal use of a firearm in the first degree.
In satisfaction of a multicount indictment, defendant pleaded guilty to criminal use of a firearm in the first degree stemming from an incident in which he fired several rounds of ammunition into the front door of a residential trailer, causing damage to that trailer and others nearby. As part of the agreement, defendant executed a waiver of appeal. Pursuant to the plea agreement, County Court sentenced defendant to a prison term of 14 years, to be followed by five years of postrelease supervision. Defendant appeals, contending that the sentence
imposed was harsh and excessive.
Initially, the People concede, and we agree, that defendant's waiver of the right to appeal is invalid as County Court did not advise defendant that his appeal rights were separate and distinct from the rights automatically forfeited by his plea of guilty (see People v Lane, 159 AD3d 1195, 1195 [2018]; People v Metayeo, 155 AD3d 1239, 1240 [2017]; People v Roshia, 133 AD3d 1029, 1030 [2015], affd 28 NY3d 989 [2016]). Although defendant is thus not precluded by the waiver from challenging the severity of the sentence, we find his claim to be without merit. Given the nature of the crime, and that defendant consented to the sentencing range as part of the plea agreement, we find no extraordinary circumstances or abuse of [*2]discretion warranting a reduction of the sentence in the interest of justice (see People v Blanco, 156 AD3d 945, 946 [2017]; People v Cox, 146 AD3d 1154, 1155 [2017]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.