People v Mallard (2018 NY Slip Op 05528)





People v Mallard


2018 NY Slip Op 05528


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
ERIC MALLARD, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ.


Dennis J. Lamb, Troy, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McGrath, J.), rendered November 12, 2013 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of manslaughter in the first degree with the understanding that he would be sentenced to a prison term of 20 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant thereafter pleaded guilty to the charged crime, and Supreme Court imposed the contemplated sentence. This appeal ensued.
We agree with defendant that his waiver of the right to appeal was invalid. Supreme Court failed to explain the separate and distinct nature of the waiver to defendant, and the court's brief inquiry, wherein defendant was asked, "[D]o you understand you are waiving your right to appeal, which means it ends here; you can't go to a higher court," fell short of ensuring that defendant appreciated the right that he was relinquishing and understood the consequences thereof (see People v McClain, 161 AD3d 1457, 1457-1458 [2018]; People v Braye, 161 AD3d 1456, 1457 [2018]; People v Hart, 160 AD3d 1137, 1138 [2018]). Although defendant also executed a terse written waiver, such waiver was executed after defendant was sentenced (see People v Thompson, 157 AD3d 1141, 1141 [2018]), and the court failed to ascertain whether defendant had read the waiver, understood its contents and/or had discussed the ramifications thereof with counsel (see People v Cotto, 156 AD3d 1063, 1063 [2017]; People v Metayeo, 155 AD3d 1239, 1240 [2017]; People v Ortiz, 153 AD3d 1049, 1049 [2017]). Under these circumstances, we find that defendant did not knowingly, intelligently and voluntarily waive his right to appeal (see e.g. People v Herbert, 147 AD3d 1208, 1208-1209 [2017]).
Given the invalid waiver, defendant's challenge to the severity of his sentence is not precluded (see People v Levielle, 161 AD3d 1391, 1392 [2018]), but we nonetheless find his argument on this point to be lacking in merit. The sentence was in accordance with the plea [*2]agreement and, despite defendant's age at the time of the offense and his expressed remorse, the fact remains that defendant stabbed the victim to death with a knife during the course of what defendant conceded was a planned robbery. Accordingly, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed in the interest of justice (see e.g. People v Blanco, 156 AD3d 945, 946 [2017]).
Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.