People v Coleman (2019 NY Slip Op 08736)





People v Coleman


2019 NY Slip Op 08736


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

109944

[*1]The People of the State of New York, Respondent,
v
Tarrel Coleman, Appellant.

Calendar Date: November 8, 2019

Before: Egan Jr., J.P., Lynch, Clark and Devine, JJ.


Michael T. Baker, Public Defender, Binghamton (Jake Buckland of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.

Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered November 14, 2017, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal sexual act in the first degree. Defendant then agreed to plead guilty to the charged crime with the understanding that his sentence would be capped at 10 years in prison followed by 20 years of postrelease supervision and that he would retain the right to argue for a lesser sentence. Following defendant's guilty plea, the matter was adjourned for sentencing. After reviewing, among other things, the presentence investigation report and a separate presentence memorandum submitted on behalf of defendant, County Court sentenced defendant to 10 years in prison followed by 20 years of postrelease supervision. Defendant appeals, contending that the sentence imposed is harsh and excessive.
"A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Sindoni, 175 AD3d 750, 750 [2019] [internal quotation marks and citations omitted]; accord People v Westmoreland, 164 AD3d 1550, 1550 [2018]). The prison term imposed by County Court (10 years) was far less than the maximum term of imprisonment (25 years) that could have been imposed upon defendant's conviction of criminal sexual act in the first degree — a class B violent felony (see Penal Law §§ 60.05 [3]; 70.02 [1] [a]; [3] [a]; 130.50) — and the record reflects that County Court gave due consideration to the mitigating factors cited by defendant, as well as his request that he be placed in a particular correctional facility. In this regard, despite defendant's professed remorse (see People v Davis, 114 AD3d 1003, 1004 [2014], lv denied 23 NY3d 962 [2014]), his assertion that he was sexually abused as a child (see People v Taft, 115 AD3d 1095, 1095 [2014]) and his stated intellectual challenges (see People v Charlton, 192 AD2d 757, 760 [1993], lv denied 81 NY2d 1071 [1993]), the fact remains that he sexually abused a five-year-old family member. Accordingly, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed.