People v Barkley (2022 NY Slip Op 05240)

People v Barkley

2022 NY Slip Op 05240

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

112486
[*1]The People of the State of New York, Respondent,
v
Justin Barkley, Appellant.

Calendar Date:September 2, 2022

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Kathy Manley, Selkirk, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Appeal from a judgment of the County Court of Tompkins County (John C. Rowley, J.), rendered February 13, 2018, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and menacing a police officer.
Defendant was charged in an indictment with murder in the second degree and menacing a police officer. Pursuant to a plea agreement, defendant pleaded guilty to manslaughter in the first degree and menacing a police officer and purportedly waived the right to appeal. In accordance with the plea agreement, County Court sentenced defendant on the manslaughter conviction to 25 years in prison, to be followed by five years of postrelease supervision, and to a lesser concurrent sentence on the remaining conviction. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal is invalid. The plea memorandum and written appeal waiver executed by defendant contain overbroad language purporting that the waiver is an absolute bar to any appeal and/or postconviction relief (see People v Torres, 205 AD3d 1211, 1211 [3d Dept 2022]; People v Ward, 204 AD3d 1172, 1172 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Further, County Court did not remedy these defects by ensuring during the plea colloquy that defendant understood that certain rights survive the appeal waiver. Although the court referenced that there were "a few exceptions" that survived the waiver, the court did not specify what those exceptions were or the rights that survive the waiver (see People v See, 206 AD3d 1153, 1154 [3d Dept 2022]). Rather, the court instructed defendant that he "shouldn't be focusing on [the exceptions]" but that he "should focus on the comprehensive nature of the waiver of appeal. In other words, the People will never have to defend any aspect of this prosecution." Given these facts, we conclude that defendant did not knowingly, intelligently and voluntarily waive the right to appeal (see People v Thomas, 34 NY3d 545, 560 [2019]; People v See, 206 AD3d at 1154-1155).
Defendant's remaining contention — that his sentence is harsh and excessive — is unpersuasive. Defendant pleaded guilty to the reduced charge of manslaughter in the first degree with the full knowledge of the length of the sentence that would be imposed for that crime. Further, the sentence for his conviction for menacing a police officer was imposed concurrently, although it could have been imposed consecutively. Given the foregoing, and in light of the seriousness of the offenses committed, we do not find that the agreed-upon sentence was unduly harsh or severe and we discern no basis upon which to disturb it (see People v Blanco, 156 AD3d 945, 946 [3d Dept 2017]; People v Casolo, 142 AD3d 1247, 1248 [3d Dept 2016], lv denied 28 NY3d 1143 [2017]).
Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.