People v Cooper BB. (2024 NY Slip Op 03848)

People v Cooper BB.

2024 NY Slip Op 03848

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

113719
[*1]The People of the State of New York, Respondent,
v
Cooper BB., Appellant.

Calendar Date:June 14, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Matthew C. Hug, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Anne H. Stark of counsel), for respondent.

Appeal from a judgment of the County Court (Youth Part) of Chemung County (Richard W. Rich Jr., J.), rendered August 11, 2022, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
In January 2022, defendant pleaded guilty to murder in the second degree in satisfaction of a 10-count indictment in exchange for a promised sentence of 15 years to life in prison. County Court thereafter imposed the agreed-upon prison term in addition to ordering restitution and a surcharge totaling $18,695.25. Defendant appeals, arguing that restitution had not been part of his plea agreement and was imposed at sentencing without affording him the opportunity to withdraw his plea.
Despite the People conceding this argument, we disagree. The record confirms that restitution was not a condition of the plea agreement and, consequently, imposition thereof resulted in an enhanced sentence requiring County Court to afford defendant the opportunity to withdraw his guilty plea (see People v Waldron, 176 AD3d 1260, 1261 [3d Dept 2019]; People v Brasmeister, 136 AD3d 1122, 1123 [3d Dept 2016], lv denied 27 NY3d 993 [2016]; People v Strong, 124 AD3d 992, 992-993 [3d Dept 2015]). However, at the outset of the sentencing proceeding defense counsel expressly stated that he had reviewed the restitution documents attached to the presentence report with defendant and indicated that defendant consented to the amount of restitution sought and waived a restitution hearing. Therefore, based upon defendant's consent to the imposition of restitution, he has waived his present challenge (see People v Dougherty, 121 AD3d 1011, 1012 [2d Dept 2014], lv denied 24 NY3d 1083 [2014]; People v Klein, 108 AD3d 780, 780 [2d Dept 2013], lv denied 22 NY3d 956 [2013]; People v Keenum, 101 AD3d 1045, 1045 [2d Dept 2012], lv denied 20 NY3d 1062 [2013]; cf. People v Eickhoff, 151 AD3d 1120, 1120 [3d Dept 2017], lv denied 29 NY3d 1126 [2017]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.