People v Fernandez (2025 NY Slip Op 00497)

People v Fernandez

2025 NY Slip Op 00497

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

113106
[*1]The People of the State of New York, Respondent,
v
Christian Fernandez, Also Known as K.B., Appellant.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered June 30, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered June 30, 2020, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In September 2019, defendant was charged with two counts of criminal possession of a weapon in the second degree and one count of reckless endangerment in the first degree (hereinafter the first indictment). In October 2019, defendant was charged with three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree (hereinafter the second indictment). Pursuant to a global agreement, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the first indictment and to criminal sale of a controlled substance in the third degree in satisfaction of the second indictment. The agreement also required defendant to waive his right to appeal. County Court sentenced defendant to a prison term of 10 years, to be followed by five years of postrelease supervision, for his criminal possession of a weapon in the second degree conviction, and to a lesser concurrent sentence on the remaining conviction. Defendant appeals.
We affirm. Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid, given the inaccurate and overbroad language in the written waiver and County Court's failure to overcome such deficiencies by establishing that defendant understood that certain appellate review survived the waiver (see People v Herbert, 230 AD3d 1433, 1433 [3d Dept 2024], lv denied 42 NY3d 1036 [2024]; People v Gentry, 230 AD3d 1428, 1429 [3d Dept 2024]). As such, defendant's challenge to the severity of his sentences is not foreclosed (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hall, 225 AD3d 1002, 1003 [3d Dept 2024]). That said, the sentences were imposed to run concurrently, although they could have been imposed to run consecutively, and, considering the serious nature of the offenses committed, we do not find the agreed-upon sentences to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Barkley, 208 AD3d 1512, 1513 [3d Dept 2022]).
Defendant's challenges to the voluntariness of the plea and claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of his plea, are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion, despite having an opportunity to do so prior to sentencing, and there is nothing in the record to warrant the application of the narrow exception to the preservation requirement (see People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024[*2]]; People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]). To the extent that defendant's ineffective assistance of counsel claim involves matters outside of the record, they are more properly addressed in the context of a CPL article 440 motion (see People v Sharpton, 225 AD3d 1097, 1098 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]; People v Hilliard, 214 AD3d 1259, 1261 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgments are affirmed.