■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LOWE, Also Known as POPS, Appellant. [21 NYS3d 399]—

Peters, P.J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered May 3, 2013, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Pursuant to a negotiated plea agreement that included an appeal waiver, defendant pleaded guilty to the reduced charge of manslaughter in the first degree in satisfaction of a seven-count indictment. Prior to sentencing, defendant sent a pro se letter to County Court seeking to withdraw his guilty plea and requesting the assignment of substitute counsel. After an inquiry, the court denied the motion and imposed the agreed-upon sentence of 15 years in prison followed by five years of postrelease supervision. Defendant appeals.

Because the record does not demonstrate that defendant's guilty plea was knowing, voluntary and intelligent, the judgment of conviction must be reversed. Initially, although defendant's challenge to the voluntariness of his plea survives even a valid appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Klinger*, 129 AD3d 1115, 1116 [2015]), we note that County Court failed to adequately convey "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Mones*, 130 AD3d 1244, 1244-1245 [2015]). While defendant's attorney confirmed during the plea allocution that he had discussed a written plea memorandum with defendant and that defendant understood it, the memorandum similarly lumped the appeal waiver with other consequences of the plea and, in so doing, stated only that defendant "waives the right to appeal" without explaining the nature of the rights that he was waiving. Nor did the court make any inquiry into whether counsel had discussed the appeal waiver with defendant or whether defendant understood it. Accordingly, defendant did not validly waive his right to appeal (*see People v Rabideau*, 130 AD3d 1094, 1095 [2015]; *People v Phipps*, 127 AD3d 1500, 1501 [2015], *lv denied* 26 NY3d 970 [2015]; *see also People v Callahan*, 80 NY2d 273, 280-283 [1992]).[1]

With regard to the guilty plea, County Court failed to adequately advise defendant of the constitutional trial-related rights that he was waiving by pleading guilty, namely, "the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (*People v Tyrell*, 22 NY3d 359, 365 [2013], citing *Boykin v Alabama*, 395 US 238, 243 [1969]; *see People v Mones*, 130 AD3d at 1245-1246; *People v Vences*, 125 AD3d 1050, 1051 [2015]).[2] While there is no "mandatory catechism" required of a pleading defendant (*People v Alexander*, 19 NY3d 203, 219 [2012] [internal quotation marks and citation omitted]), "there must be 'an affirmative showing on the record' that the defendant waived his [or her] constitutional rights" (*People v Tyrell*, 22 NY3d at 365, quoting *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *see People v*

---

**1.** The plea memorandum contemplated that defendant would sign a written appeal waiver at sentencing, but this never occurred.

**2.** Although defendant did not raise this claim in his motion to withdraw his guilty plea, the Court of Appeals has suggested that preservation may not be required for this type of error (*see People v Tyrell*, 22 NY3d at 364; *People v Klinger*, 129 AD3d at 1116; *People v Vences*, 125 AD3d at 1051 n). In any event, we exercise our interest of justice jurisdiction to reverse the judgment of conviction (*see* CPL 470.15 [3] [c]).

*Klinger*, 129 AD3d at 1116-1117). During defendant's plea allocution, County Court merely mentioned that, if defendant were to enter a guilty plea, he would be "giving up [his] right to remain silent." The court further failed to ascertain that defendant had discussed with his attorney the trial-related rights he was waiving or the constitutional consequences of a guilty plea (*see People v Mones*, 130 AD3d at 1245-1246; *People v Klinger* 129 AD3d at 1117; *People v Vences*, 125 AD3d at 1051). While we are mindful of defendant's lengthy criminal record and the fact that he has entered numerous guilty pleas over the last 2½ decades, the record does not demonstrate that defendant understood and waived his constitutional rights when he entered the guilty plea at issue here. Thus, we reverse the judgment of conviction and the plea is vacated. Defendant's remaining contentions are rendered academic.

Garry, Rose and Clark, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.