■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO COTTO JR., Appellant. [66 NYS3d 742]—

McCarthy, J.P. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered March 9, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant was charged with burglary in the third degree (two counts), grand larceny in the third degree and grand larceny in the fourth degree. He thereafter pleaded guilty to one count of burglary in the third degree in full satisfaction of the charges and purportedly waived his right to appeal. County Court sentenced defendant, as a second felony offender, to 2 to 4 years in prison, and defendant now appeals.

Initially, we agree with defendant that his waiver of the right to appeal was invalid. Although defendant executed a written waiver, County Court did not discuss the waiver with defendant or even verify with him that he signed it, and the written waiver did not convey that the right to appeal is separate and distinct from the rights automatically forfeited upon a guilty plea (*see People v Mones*, 130 AD3d 1244, 1245 [2015]). In short, the court failed "to ensure that defendant understood the content or consequences of the appeal waiver" (*People v Williams*, 132 AD3d 1155, 1155 [2015], *lv denied* 27 NY3d 1157 [2016]; *accord People v Gonzalez*, 138 AD3d 1353, 1354 [2016]).

Defendant also argues that his plea was not knowing, intelligent and voluntary because County Court failed to advise him of the constitutional rights he was waiving by pleading guilty. Although this argument was not preserved for our review through an appropriate postallocution motion, we

exercise our interest of justice jurisdiction to take corrective action and reverse the judgment (*see* CPL 470.15 [3] [c]; *People v Klinger*, 129 AD3d 1115, 1116 [2015]).

"When a defendant opts to plead guilty, he [or she] must waive certain constitutional rights—the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (*People v Tyrell*, 22 NY3d 359, 365 [2013], citing *Boykin v Alabama*, 395 US 238, 243 [1969]). "While there is no mandatory catechism required of a pleading defendant, there must be an affirmative showing on the record that the defendant waived his or her constitutional rights" (*People v Lowe*, 133 AD3d 1099, 1100 [2015] [internal quotation marks, brackets and citations omitted]; *see People v Tyrell*, 22 NY3d at 365; *People v Herbert*, 147 AD3d 1208, 1210 [2017]). The Court of Appeals has made clear that the trial judge has the responsibility to ensure that the defendant fully understands the plea and its consequences (*see People v Sougou*, 26 NY3d 1052, 1054-1055 [2015]). During the plea colloquy, County Court did not reference the privilege against self-incrimination or the right to be confronted by witnesses and, although defendant was advised of his right to a trial, the court did not specify a jury trial. "We cannot conclude that defendant's guilty plea was knowing, voluntary and intelligent as there was neither an affirmative showing on the record that defendant waived his constitutional rights nor any indication that he consulted with his attorney about the constitutional consequences of a guilty plea" (*People v Vences*, 125 AD3d 1050, 1051 [2015] [internal quotation marks and citations omitted]; *see People v Herbert*, 147 AD3d at 1210; *People v Lowe*, 133 AD3d at 1100-1101).

Rose, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court's decision.