People v Schmitz (2018 NY Slip Op 01960)





People v Schmitz


2018 NY Slip Op 01960


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

107720

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN SCHMITZ, Appellant.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Donna Maria Lasher, Youngsville, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 13, 2015, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
In satisfaction of a six-count indictment, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. He also waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to concurrent jail terms of one year. Instead, he was sentenced to six months in jail and five years of probation. He now appeals.
Defendant contends that his guilty plea was not knowing, voluntary and intelligent because County Court failed to advise him of the rights that he was relinquishing by entering it. The People concede this deficiency. Although the claim has not been preserved for our review given the absence of an appropriate postallocution motion by defendant, we nevertheless exercise our interest of justice jurisdiction and take corrective action under the particular circumstances presented (see People v Aubain, 152 AD3d 868, 869 [2017]; People v Herbert, 147 AD3d 1208, 1210 [2017]). "While there is no mandatory catechism required of a pleading defendant, there must be an affirmative showing on the record that the defendant waived his or her constitutional rights" (People v Lowe, 133 AD3d 1099, 1100 [2015] [internal quotation marks, brackets and citations omitted]; see People v Tyrell, 22 NY3d 359, 365 [2013]). Here, the record reveals the absence of a meaningful plea colloquy and that defendant entered his guilty plea without County Court providing any instruction on its implications or the rights that he was waiving by entering it (see People v Aubain, 152 AD3d at 870; People v Herbert, 147 AD3d at 1210). Accordingly, [*2]the judgment must be reversed.
McCarthy, J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.