People v Holmes (2018 NY Slip Op 04039)





People v Holmes


2018 NY Slip Op 04039


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

108592

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NOLAN HOLMES, Appellant.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Christopher Hammond, Cooperstown, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered February 29, 2016, convicting defendant upon his plea of guilty of the crime of coercion in the first degree.
Defendant was charged in an indictment with rape in the first degree and rape in the second degree following an incident in which he induced a 14-year-old girl to engage in sexual intercourse with him. In exchange for the dismissal of the indictment, he pleaded guilty to coercion in the first degree as charged in a superior court information. He was sentenced, as a second felony offender, to a prison term of 3½ to 7 years in accordance with the plea agreement. He now appeals.
Defendant argues that his guilty plea must be vacated because County Court failed to adequately inform him of the constitutional rights he was waiving by pleading guilty. Although defendant did not preserve this claim through an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Herbert, 147 AD3d 1208, 1210 [2017]), we find that the error warrants reversal of the judgment of conviction in the interest of justice (see People v Schmitz, 159 AD3d 1222, 1223 [2018]; People v Cotto, 156 AD3d 1063, 1064 [2017]). "When a defendant opts to plead guilty, he [or she] must waive certain constitutional rights — the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (People v Tyrell, 22 NY3d 359, 365 [2013]; see Boykin v Alabama, 395 US 238, 243 [1969]). "While there is no mandatory catechism required of a pleading defendant, there must be [*2]an affirmative showing on the record that the defendant waived his or her constitutional rights" (People v Lowe, 133 AD3d 1099, 1100 [2015] [internal quotation marks, brackets and citations omitted]; see People v Tyrell, 22 NY3d at 365; People v Cotto, 156 AD3d at 1064).
During the plea proceedings, County Court engaged in an abbreviated colloquy during which it made only a passing reference to the rights that defendant was giving up by pleading guilty. Notably, the court did not mention the privilege against self-incrimination or advise defendant of his right to a jury trial. Nor did the court ascertain whether defendant had conferred with counsel regarding the trial-related rights that he was waiving or the constitutional consequences of his guilty plea. With no affirmative showing on the record that defendant understood and voluntarily waived his constitutional rights when he entered his guilty plea, the plea was invalid and must be vacated (see People v Cotto, 156 AD3d at 1064; People v Lowe, 133 AD3d at 1100-1101; People v Klinger, 129 AD3d 1115, 1116-1117 [2015]; compare People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Proper, 133 AD3d at 919-920). In light of our disposition, we need not address defendant's remaining claim.
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.