People v Simon (2018 NY Slip Op 07370)





People v Simon


2018 NY Slip Op 07370


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

109137

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TYRELL SIMON, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from a judgment of the Supreme Court (Schick, J.), rendered December 1, 2016 in Sullivan County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
In September 2014, law enforcement located defendant, who had an active warrant for his arrest, inside a residence, wherein he was found to be in possession of a stolen, loaded revolver, 202 wax envelopes of heroin, 14 Suboxone sublingual film strips, two marihuana cigarettes and various drug-related paraphernalia. In December 2014, defendant was charged in an indictment with criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of stolen property in the fourth degree and resisting arrest. In April 2015, defendant was charged in a superior court information with criminal possession of a controlled substance in the third degree stemming from a separate incident involving defendant's possession of heroin. In a global disposition of the indictment and superior court information, defendant pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree and executed two separate waivers of appeal in open court. Defendant's subsequent postplea motion to withdraw his plea was denied by Supreme Court in a written decision and order. Thereafter, the court sentenced defendant, in accordance with the terms of the plea agreement, to an aggregate prison term of seven years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that his guilty plea was not knowing, voluntary and intelligent because County Court (LaBuda, J.) failed to adequately inform him of the constitutional rights that he was waiving by pleading guilty. Assuming, without deciding, that [*2]the waivers of appeal were valid, defendant's challenge to the voluntariness of his guilty plea survives a valid waiver of the right to appeal (see People v Tucker, 164 AD3d 948, 950 [2018]; People v Howe, 150 AD3d 1321, 1322-1323 [2017]). Defendant's contention on appeal, however, is unpreserved for our review because, although defendant made a postplea motion to withdraw his guilty plea (see CPL 220.60 [3]), his motion was not premised upon the grounds now asserted — to wit, County Court's alleged failure to adequately inform him of the constitutional rights that he was forfeiting by pleading guilty (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Scales, 118 AD3d 1500, 1501 [2014], lv denied 23 NY3d 1067 [2014]; People v Dame, 100 AD3d 1032, 1033 [2012], lv denied 21 NY3d 1003 [2013]; People v DePalma, 99 AD3d 1116, 1117 [2012], lv denied 20 NY3d 1010 [2013]; cf. People v Rayburn, 150 AD3d 1553, 1554 [2017]). We nonetheless exercise our interest of justice jurisdiction to take corrective action and reverse the judgment (see CPL 470.15 [3] [c]; People v Holmes, 162 AD3d 1117, 1118 [2018]; People v Cotto, 156 AD3d 1063, 1063-1064 [2017]).
"When a defendant opts to plead guilty, he [or she] must waive certain constitutional rights — the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (People v Tyrell, 22 NY3d 359, 365 [2013]; see Boykin v Alabama, 395 US 238, 243 [1969]). "While there is no mandatory catechism required of a pleading defendant, there must be an affirmative showing on the record that the defendant waived his or her constitutional rights" (People v Lowe, 133 AD3d 1099, 1100 [2015] [internal quotation marks, brackets and citations omitted]; see People v Tyrell, 22 NY3d at 365; People v Cotto, 156 AD3d at 1064). During the plea proceedings, County Court engaged in an abbreviated colloquy during which it made only a passing reference to certain rights that defendant was forfeiting by pleading guilty. Although defendant was advised of his right to a jury trial, the court did not mention the privilege against self-incrimination or the right to be confronted by witnesses (see People v Holmes, 162 AD3d at 1118; People v Cotto, 156 AD3d at 1064). The court also failed to establish adequately that defendant had consulted with his counsel specifically about his relinquishment of trial-related rights or the consequences of his guilty plea, "instead making a vague inquiry into whether defendant had spoken to defense counsel" (People v Herbert, 147 AD3d 1208, 1210 [2017] [internal quotation marks and citation omitted]) about "the indictment, . . . the drug charge, and anything else that [was] important to [him]" (id.; see People v Holmes, 162 AD3d at 1118; People v Lowe, 133 AD3d at 1101). With no affirmative showing on the record before us that defendant understood and voluntarily waived his constitutional rights at the time he entered his guilty plea, the plea was invalid and must be vacated (see People v Holmes, 162 AD3d at 1118; People v Cotto, 156 AD3d at 1064; People v Herbert, 147 AD3d at 1210).
Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.