People v Demkovich (2019 NY Slip Op 00326)





People v Demkovich


2019 NY Slip Op 00326


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

108444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEFFREY S. DEMKOVICH, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


John A. Cirando, Syracuse, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 7, 2016, convicting defendant upon his plea of guilty of the crimes of attempted kidnapping in the second degree and criminal possession of a controlled substance in the third degree.
In August 2015, defendant was charged by indictment with kidnapping in the second degree, rape in the third degree and criminal possession of a controlled substance in the third degree. Defendant thereafter pleaded guilty to attempted kidnapping in the second degree and criminal possession of a controlled substance in the third degree in full satisfaction of the indictment. In accordance with the negotiated plea agreement, County Court sentenced defendant, as a second felony offender, to an aggregate term of imprisonment of nine years, followed by five years of postrelease supervision. Defendant now appeals.
Defendant contends that his plea was not knowing, voluntary and intelligent because County Court failed to advise him of the constitutional rights he was waiving by pleading guilty. Although defendant failed to preserve this contention for our review through an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Haenelt, 161 AD3d 1489, 1489-1490 [2018], lv denied 31 NY3d 1148 [2018]; People v Tucker, 160 AD3d 1303, 1303 [2018], lv denied 31 NY3d 1122 [2018]; compare People v Glover, ___ AD3d ___ [decided herewith]), we nonetheless exercise our interest of justice jurisdiction to take corrective action and reverse the judgment (see CPL 470.15 [3] [c]; People v Holmes, 162 AD3d 1117, 1118 [2018]; People v Herbert, 147 AD3d 1208, 1210 [2017]). Although trial courts are not required to adhere to a rigid script or formula prior to accepting a defendant's guilty plea, the record must affirmatively demonstrate that the defendant waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Cotto, 156 AD3d 1063, 1064 [2017]; People v Lowe, 133 AD3d 1099, 1100 [2015]).
Here, during the abbreviated plea colloquy, County Court briefly advised defendant that, if he were to plead guilty, he would be giving up his "right to a trial, . . . the right to testify at that trial, to call witnesses and to cross-examine the People's witnesses." Significantly, County Court did not advise defendant that he had a right to a jury trial or that he would be waiving the privilege against self-incrimination by entering a guilty plea (see People v Holmes, 162 AD3d at 1118; People v Cotto, 156 AD3d at 1064). Further, the court failed to obtain any assurance that defendant had discussed with counsel the trial-related rights that are automatically forfeited by pleading guilty or the constitutional implications of a guilty plea (see People v Herbert, 147 AD3d at 1210; People v Lowe, 133 AD3d at 1101; compare People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014], lvs denied 25 NY3d 1168 [2015], 26 NY3d 1148 [2016]). In the absence of an affirmative showing on the record that defendant understood and voluntarily waived his constitutional rights when he pleaded guilty, the plea is invalid and must be vacated (see People v Holmes, 162 AD3d at 1118; People v Herbert, 147 AD3d at 1211; People v Klinger, 129 AD3d 1115, 1117 [2015]).
Defendant's remaining contentions have been rendered academic by our determination.
Mulvey and Aarons, JJ., concur.




Egan Jr., J.P. (dissenting).


We respectfully dissent because we do not think that the unpreserved error cited by the majority, standing alone, necessitates this Court exercising its interest of justice jurisdiction to reverse the judgment of conviction as there is nothing compelling about this case that "cries out for fundamental justice beyond the confines of conventional considerations" (People v Williams, 145 AD3d 100, 107 [2016] [internal quotation marks and citation omitted]; see People v Matthew NN., 156 AD3d 1119, 1120 [2017]). Exercise of this Court's interest of justice jurisdiction should be rare and it should be used sparingly, upon a case-by-case review, as such jurisdiction was "not designed or intended to be used to resolve public policy concerns or for a system-wide fix" (People v Williams, 145 AD3d at 107; see People v Harmon, 181 AD2d 34, 36 [1992]), i.e., addressing repetitive issues concerning arguably deficient plea colloquies by certain trial courts. Although the Court of Appeals has made plain that it is a "vital responsibility" of the trial courts to ensure that defendants who plead guilty do so knowingly, voluntarily and intelligently, it is well settled that trial courts "need not engage in any particular litany" (People v Conceicao, 26 NY3d 375, 382 [2015]). In our view, until the Legislature or the Court of Appeals elects to require that trial courts follow a particular catechism in taking a guilty plea, it is not appropriate for this Court to exercise its interest of justice jurisdiction to reverse a judgment of conviction each time it determines that a trial court has failed to completely advise a defendant of each and every constitutional right that he or she is foregoing when taking a guilty plea, particularly where, as here, the defendant voiced no objection to the content of the allocution either at the time it occurred or in any subsequent postplea motion to the trial court.
Here, defendant failed to make an appropriate postallocution motion on the ground that his plea was not knowingly, voluntarily or intelligently entered into, nor does the narrow exception to the preservation rule apply. On appeal, defendant does not claim that he is innocent of the charges to which he previously pleaded guilty, nor has he demonstrated any extraordinary circumstances that would justify taking corrective action in the interest of justice. At all relevant times, defendant was represented by counsel, was initially presented with a plea offer in September 2015 and, following a two-week adjournment, elected to reject same. In December 2015, while defendant's omnibus motion was pending, the People notified County Court that defendant had agreed to enter a plea of guilty in accord with the terms of the original plea offer. At a brief subsequent court appearance, the matter was further adjourned to January 2016 so that defendant could, among other things, make inquiry of the incoming District Attorney as to whether the consecutive sentences contemplated in the subject plea offer could run concurrently. The People were subsequently unwilling to make such a concession, and, in turn, defendant chose to plead guilty in accord with the terms previously offered. He then admitted that he had [*2]abducted the victim and that he had unlawfully possessed a quantity of heroin with the intent to sell it; he was subsequently sentenced, as a second felony offender, in accord with the negotiated disposition. In sum, we do not perceive any rare, unusual or extraordinary circumstances in the present matter that should compel this Court to take corrective action (see People v Williams, 145 AD3d at 108), and, therefore, we would decline to exercise our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Walker, 135 AD3d 1244, 1245-1246 [2016]; see also People v Cade, 165 AD3d 551, 551 [2018]; People v Gillegbower, 143 AD3d 479, 479 [2016], lv denied 28 NY3d 1145 [2017]; People v Simmons, 138 AD3d 520, 520 [2016], lv denied 27 NY3d 1139 [2016]; compare People v Holmes, 162 AD3d 1117, 1118 [2018]).
Pritzker, JJ., concurs.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.