People v Glover (2019 NY Slip Op 05587)





People v Glover


2019 NY Slip Op 05587


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

108423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHAKARIS M. GLOVER, Appellant.

Calendar Date: October 16, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Amanda FiggsGanter, Albany, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 31, 2016, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
After her arrest on a charge of criminal possession of a controlled substance in the third degree, defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal possession of a controlled substance in the third degree. In satisfaction thereof, she pleaded guilty to attempted criminal possession of a controlled substance in the third degree. Thereafter, in accordance with the terms of the plea agreement, she was sentenced as a second felony offender to 1½ years in prison followed by two years of postrelease supervision. Defendant appeals.
Defendant contends that her guilty plea was not knowing, voluntary and intelligent because County Court failed to adequately advise her of the constitutional rights that she was relinquishing by pleading guilty. This claim was not preserved for appellate review; although defendant had filed a postallocution motion to withdraw her guilty plea, she subsequently withdrew said motion (see People v Peque, 22 NY3d 168, 182 [2013]; People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016])[FN1]. Defendant nevertheless asks this [*2]Court to exercise its interest of justice jurisdiction to take corrective action (see CPL 470.15 [3] [c]).
In a notably brief plea colloquy, County Court advised defendant that, by pleading guilty, she would forever relinquish "the right to go to trial, the right to testify, to call witnesses, [and to] cross-examine the People's witness[es]." There was no discussion of the privilege against self-incrimination or the right to be tried by a jury, nor was there any inquiry into whether defendant had conferred with counsel and understood the constitutional rights that she was automatically waiving by pleading guilty (see People v Demkovich, 168 AD3d 1221, 1221-1222 [2019]; People v Holmes, 162 AD3d 1117, 1118 [2018]; People v Cotto, 156 AD3d 1063, 1064 [2017]). "While there is no mandatory catechism required of a pleading defendant, there must be an affirmative showing on the record that the defendant waived his or her constitutional rights" (People v Lowe, 133 AD3d 1099, 1100 [2015] [internal quotation marks, brackets and citations omitted]; accord People v Herbert, 147 AD3d 1208, 1210 [2017]; see People v Tyrell, 22 NY3d 359, 365-366 [2013]). As this record contains no such showing, the guilty plea is invalid (see People v Simon, 166 AD3d 1075, 1077 [2018]; People v Aubain, 152 AD3d 868, 870 [2017]; People v Klinger, 129 AD3d 1115, 1117 [2015]).
We note that defendant has now served her negotiated sentence, has been released from custody and, upon the reversal of this conviction, will again face prosecution for the original charge. Despite these potential perils, in view of her repeated requests and after consideration of the particular facts and circumstances presented, we now exercise our interest of justice jurisdiction and reverse the judgment of conviction (see People v Holmes, 162 AD3d at 1117-1118; People v Cotto, 156 AD3d at 1063-1064).
Rumsey, J., concurs.




Clark, J. (concurring).


We agree with the majority that the judgment of conviction should be reversed in the interest of justice. However, we write separately because, unlike the majority and the dissent, we believe that County Court mishandled defendant's motion to withdraw her guilty plea and, further, that this Court's interest of justice analysis should not include consideration of the potential consequences to a defendant upon reversal of a judgment of conviction entered upon a guilty plea.
With respect to defendant's postallocution motion to withdraw her guilty plea, although she initially acted pro se, defendant's motion was later adopted by her attorney at an appearance before County Court. The People did not oppose the motion. County Court adjourned the matter to decide defendant's motion, but, before doing so, brought the parties back into court. At that point, the court informed defendant that it had not yet decided her motion and strongly suggested to defendant that she should withdraw her motion, at which point she did. Defendant did not seek to withdraw her motion on her own initiative. In our view, County Court's unnecessary and inappropriate prompting was the driving force behind defendant's decision to withdraw her motion. Had County Court simply denied the motion, rather than bringing the parties back into court and seeking defendant's withdrawal of the motion, defendant's challenge to the validity of her guilty plea would have been properly preserved and this Court would not have to exercise its interest of justice jurisdiction to take corrective action.
As to the "potential perils" that defendant may face upon the reversal, noted by both the majority and the dissent, it is our view that this Court should not speculate as to the outcome of reversing the judgment of conviction and remitting the matter to County Court. Consideration of whether to exercise this Court's interest of justice jurisdiction should not include a weighing of the potential risks and benefits to a defendant that may result from vacatur of the underlying invalid guilty plea. Just as a defendant retains decision-making authority over the fundamental decision of whether to plead guilty or to proceed to trial (see People v Clark, 28 NY3d 556, 563 [*3][2016]; People v Hogan, 26 NY3d 779, 786 [2016]), such risk-benefit assessment ought to remain with the defendant, who, here, affirmatively requests corrective action in the interest of justice.[FN2]
Although we differ from the majority on the foregoing points, we firmly agree that the judgment of conviction should be reversed in the interest of justice. Accordingly, we concur.
Mulvey, J., concurs.




Egan Jr., J. (dissenting).


I respectfully dissent. In my view, our original decision in this case and that of People v Demkovich (168 AD3d 1221 [2019]) are not inconsistent because we should exercise our interest of justice jurisdiction based upon a case-by-case review of the facts of the case at hand and should refrain from using it to resolve public policy concerns or to correct perceived systemic failures (see People v Williams, 145 AD3d 100, 107 [2016]; People v Harmon, 181 AD2d 34, 36 [1992]), i.e., addressing repetitive issues concerning arguably deficient plea colloquies by certain trial courts. In my opinion, to routinely exercise such jurisdiction and reverse a judgment of conviction based upon a claimed allocution error, which defendant observed but had no objection to at the time it was made, effectively eviscerates the preservation requirement in these plea colloquy cases and, in essence, grants a defendant the opportunity to accept a plea bargain and silently bank away grounds for reversal for future appellate purposes (see People v Williams, 27 NY3d 212, 224-225 [2016]; People v Walston, 23 NY3d 986, 992 [2014, Smith, J., concurring]).
I respectfully disagree that this case is one that "cries out for fundamental justice beyond the confines of conventional considerations" (People v Williams, 145 AD3d at 107 [internal quotation marks and citation omitted]; see People v Matthew NN., 156 AD3d 1119, 1120 [2017]). Defendant has a prior criminal history, was represented by counsel, admitted that she possessed heroin with intent to sell it and elected to enter into a negotiated plea agreement with a favorable sentence [FN3]. Defendant voiced no objection to the adequacy of the allocution at a time when County Court could have addressed those concerns and now, having raised this issue for the first time on appeal, does not contend that she is innocent of the crime charged. Defendant has served the sentence she agreed to and has been released from custody. If this conviction is reversed, defendant once again faces prosecution for the original charge, which, if convicted, carries a sentencing range of between 2 and 12 years in prison (see Penal Law § 70.70 [3] [b] [i]). Accordingly, under these circumstances, and seeing no claim of actual innocence or sign of fundamental unfairness, I would decline to exercise our interest of justice authority (see CPL 470.15 [3] [c]; [6] [a]; People v Walker, 135 AD3d 1244, 145-1246 [2016]; see also People v Long, 165 AD3d 1323, 1323 [2018], lv denied 32 NY3d 1126 [2018]; People v Simmons, 138 AD3d 520, 520 [2016], lv denied 27 NY3d 1129 [2016]).
Notably, other than citing to County Court's arguably flawed plea colloquy, the majority fails to indicate any additional factor that militates in favor of or should otherwise compel this Court to exercise its interest of justice jurisdiction and reverse the judgment of conviction. The fact that this Court has routinely exercised its interest of justice jurisdiction in similar circumstances in the past (see e.g. People v Demkovich, 168 AD3d at 1222; People v Simon, 166 AD3d 1075, 1077 [2018]; People v Schmitz, 159 AD3d 1222, 1223 [2018]; People v Cotto, 156 [*4]AD3d 1063, 1063-1064 [2017]; People v Aubain, 152 AD3d 868, 870 [2017]; People v Lowe, 133 AD3d 1099, 1100-1101 [2015]; People v Klinger, 129 AD3d 1115, 1117 [2015]; People v Vences, 125 AD3d 1050, 1051 n [2015]; People v Dalton, 69 AD3d 1235, 1236 [2010]) does not, in and of itself, justify such prolific use of what should otherwise be a rare and limited exercise of discretionary authority, especially given the numerous instances that this Court has declined to exercise its interest of justice jurisdiction under the same or similar circumstances (see e.g. People v Long, 165 AD3d at 1323; People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Kormos, 126 AD3d 1039, 1040 [2015]; People v Ocasio-Rosario, 120 AD3d 1463, 1464 [2014], lvs denied 25 NY3d 1168 [2015], 26 NY3d 1148 [2016]; People v Brabham, 112 AD3d 1066, 1067 [2013]; People v Gathers, 106 AD3d 1333, 1334 [2013], lv denied 21 NY3d 1073 [2013]).
While I recognize that it is a "vital responsibility" of the trial courts to ensure that defendants who plead guilty do so knowingly, voluntarily and intelligently, it is well settled that trial courts "need not engage in any particular litany" (People v Conceicao, 26 NY3d 375, 382 [2015]). In my view, until the Legislature or the Court of Appeals elects to require that trial courts follow a particular catechism in taking a guilty plea, it is not appropriate for this Court to exercise its interest of justice jurisdiction to reverse a judgment of conviction and vacate a guilty plea, where, as here, the defendant failed to preserve the issue for appeal and affirmatively chose, following consultation with counsel, not to pursue a postallocution motion to withdraw his or her plea. If it is consistency that the majority is after in such plea cases, the remedy lies in requiring litigants to adequately preserve the record for appropriate appellate review, as opposed to expanding the use of what should be a rare and limited application of our interest of justice jurisdiction.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The record does not support defendant's contention that County Court coerced her into abandoning her motion to withdraw her guilty plea. After defendant filed her pro se motion, County Court cautioned her with regard to the potential risks to which she would be exposing herself should she choose to proceed. Upon further consideration, and — significantly — after consultation with her defense counsel, defendant unequivocally agreed to withdraw the motion (see People v Skidds, 123 AD3d 1342, 1343 [2014], lv denied 25 NY3d 992 [2015]).

Footnote 2: It is important to note that the People declined to submit a responsive brief on direct appeal and informed the Court that they did not oppose defendant's request.

Footnote 3: Although defendant later filed a motion to withdraw her plea, she was granted an adjournment and provided with adequate time to consult with counsel prior to voluntarily electing to withdraw the motion.