People v Pinnock (2020 NY Slip Op 02731)





People v Pinnock


2020 NY Slip Op 02731


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


867/06 11457A 3547/16 11457

[*1] The People of the State of New York, Respondent,
v
Andre Pinnock, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Appeal from judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered May 2, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, held in abeyance, and the matter remanded for further proceedings in accordance herewith. Judgment of resentence, same date, court and Justice, convicting defendant, upon his plea of guilty, of violation of probation, revoking his sentence of probation and resentencing him to a concurrent term of 1 to 3 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for further proceedings on the violation of probation.
When defendant, a noncitizen, pleaded guilty to criminal possession of a firearm, the court did not advise him that if he was not a citizen, he could be deported as a consequence of his plea. Even though he did not move to withdraw his guilty plea, there is no evidence that defendant knew about the possibility of deportation during the plea and sentencing proceedings. As such, the claim falls within the "narrow exception" to the preservation doctrine (People v Peque, 22 NY3d 168, 183 [2013], cert denied 574 US 850 [2014]). Therefore, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (id. at 198). Accordingly, we remit for the remedy set forth in Peque (id. at 200-201), and we hold the appeal in abeyance for that purpose.
Furthermore, defendant's guilty plea to violation of probation was defective because there was no allocution about whether defendant understood that he was giving up his right to a hearing on the violation. While there is no mandatory catechism, Supreme Court failed to "advise defendant of his rights or the consequences regarding an admission to violating probation, including that he understood that he was entitled to a hearing on the issue and that he was waiving that right" (People v Aubain, 152 AD3d 868, 870 [3d Dept 2017][citations omitted]; see generally Aleman, 43 AD3d at 757). Although defendant never
moved to withdraw this plea and his claim is unpreserved, we review it in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK