People v T. D. (2024 NY Slip Op 00817)

People v T. D.

2024 NY Slip Op 00817

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Ind. No. 1249/13 1834/16 393/17 SCI No. 1526/17 Appeal No. 1662-1662A Case No. 2018-02104 

[*1]The People of the State of New York, Respondent,
v
T. D., Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Paris C. DeYoung of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Ethan Greenberg, J., at plea; Shari Michels, J., at sentencing), rendered August 8, 2017, convicting defendant, upon his pleas of guilty, of attempted robbery in the second degree (three counts), promoting prison contraband in the second degree, and violation of probation, and sentencing him to an aggregate term of two years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing under indictment Nos. 1249/13, 1834/16, and 393/17, and otherwise affirmed.
Defendant's claim that his guilty plea to violation of probation was invalid because the court did not advise him of the consequences of an admission, including a waiver of his right to a hearing, is unpreserved in light of defendant's failure to move to withdraw the plea (see People v Pinnock, 183 AD3d 424, 425 [1st Dept 2020]), and we decline to address it in the interest of justice.
Based on our own interest of justice powers, we vacate the surcharges and fees imposed on defendant at sentencing under indictment Nos. 1249/13, 1834/16, and 393/17 (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief. There is no basis for similar relief as to the convictions under SCI No. 1526/17 because those offenses were committed when defendant was 21 years old.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024